Commonwealth ex rel. Brown, Appellant, *v.*
Brown.

Argued June 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Newton C. Taylor,* Assistant District Attorney, with him *Richard W. Linton,* District Attorney, for appellant.

*William H. Naugle,* for appellee.

146

Opinion by Spaulding, J., September 18, 1970:

On April 23, 1969, Nancy C. Brown, appellant, filed a petition for support in Cumberland County, the county of her residence, in accordance with the Civil Procedural Support Act, Act of July 13, 1953, P. L. 431, 62 P.S. §2043.31 et seq. Copies of the petition were duly sent to Huntingdon County, where her husband, appellee, resided. Hearing was held on August 19, 1969, but the record does not indicate that notice was given to appellant. After the hearing in Huntingdon County, the court entered an order requiring appellee, Lewis D. Brown, to pay $20 per week for the support of their son Edward, and denying support for her. Appellant appeals from that part of the order of August 16, 1969, which denied support for her.

The Civil Procedural Support Law enables a complainant in one county to obtain an enforceable support order against a defendant in another county. The complainant initiates the proceeding by filing a petition in the Court of Common Pleas in her county. If that court is satisfied that she has a good cause of action it forwards the petition to the responding county, the home of the defendant, for a hearing. The District Attorney of the responding county represents the petitioner at the hearing. Her presence is not required; nor is it expected if the distances are substantial. The court in the responding county has the ultimate jurisdiction in the matter.

In the instant case, appellee testified at the hearing as to his income, what he believed his wife's income to be, and he accused her of infidelity both before and after their separation. Appellant lived nearly 100 miles from the place of the hearing, and was not present in court to present testimony on her behalf or to rebut appellee's allegations. As is usual the District Attorney had some familiarity with the matter, but not

sufficient knowledge of all the circumstances to properly represent appellant at this time.

The Uniform Reciprocal Enforcement of Support Act, Act of May 10, 1951, P. L. 279; August 19, 1953, P. L. 1201, 62 P.S. §2043.1 establishes a parallel interstate mechanism for accomplishing the same purposes as the Civil Procedural Support Law. The Uniform Law, however, touches the Pennsylvania counties in some respects: §2043.20 Hearing and determination. "If the plaintiff is absent from the responding state and the defendant presents evidence which constitutes a defense, the court shall continue the case for further hearing and the submission of evidence by both parties." §2043.30 Inter-county application. "This act is applicable when both the plaintiff and the defendant are in this State but in different counties. . . . The district attorney and the court in the county to which the copies are forwarded shall then have duties corresponding to those imposed upon them when acting for the state as responding state."

Appellant contends that the above sections of the Uniform Law when considered with the Pennsylvania Act require the court in this case to hear her evidence before rendering a final decision. She asks that we reverse the order of the court below. We agree, and direct the court in Huntingdon County to continue the case. We further direct the district attorney in Huntingdon County to obtain plaintiff's evidence, either through hearings in Huntingdon County or, if that is not convenient for appellant, by depositions or interrogatories.

The order of the court below is reversed and the record remanded for action in accordance with this opinion.