## Commonwealth ex rel.
## Reinbold v. Reinbold

*Richard J. Makoul,* for plaintiff.

*Howard S. Epstein,* for defendant.

WIEAND, J., January 17, 1972.—Defendant, Harvey E. Reinbold, has filed a petition seeking to vacate an order of $17.50 per week for the support of a wife and child. The parties are agreed that the child, Gwendolyn, who is now 20 years of age and self-supporting, should be removed from the order. The basis for vacating the order for the support of the wife, Loretta Reinbold, is a decree of divorce entered by the Circuit Court of Winston County, Alabama, on August 24, 1970. Mrs. Reinbold challenges the validity

of the Alabama decree, and therein lies the present dispute.

The general rule is stated in 12 P. L. E., Divorce, §201, at pages 415-19, as follows:

"When a divorce decree obtained in a sister state is entered by a court having jurisdiction of the subject matter and of the parties, such decree is, by force of the full faith and credit clause of the federal constitution, entitled to recognition by the courts of Pennsylvania. Where the foreign court did not have jurisdiction, recognition is not required.

"A foreign divorce decree is subject to collateral attack in Pennsylvania for want of jurisdiction or for fraud, with the qualification that a party who appeared in the foreign proceeding or was personally served with process in the decree-granting state . . . is precluded from collaterally attacking the decree. This means that, subject to the qualification just mentioned, the court entertaining the collateral proceeding may inquire into the jurisdictional facts, and this is true even though the record purports to show jurisdiction, or the decree recites the jurisdictional facts." See also Commonwealth ex rel. Esenwein v. Esenwein, 348 Pa. 455.

The parties to this action resided in Emmaus, Lehigh County, Pa., until July 2, 1970. On that day, defendant left the common home and took up residence in Birdsboro, Berks County, Pa. He concedes that he has never been a permanent resident of the State of Alabama and that his only appearances in that State were for the purposes of obtaining the divorce. The testimony clearly and unequivocally establishes that he did not establish a domicile in Alabama, but that he has been continuously a resident of Pennsylvania. It is also clear that his wife was not in Alabama during her entire lifetime. She was not served with process in the action.

Defendant argues, however, that his wife appeared voluntarily in Alabama, submitted to the jurisdiction of that court, and waived any further notice of the proceedings. A blank form without caption or identification of the proceedings but by which the signer would agree to submit to the jurisdiction of the courts of Alabama had been in defendant's possession for two and a half to three months before he left the marital home. He contends that sometime after the separation, on a day in July 1970, which he could not fix, he returned to his wife's home where divorce proceedings were discussed. Following that discussion, his wife allegedly consented to a divorce and signed the blank form. Mrs. Reinbold denies that defendant returned to the home in Emmaus in July 1970, and denies that she consented to a divorce or signed a form submitting to the Alabama court's jurisdiction. The daughter of the parties, who was familiar with her mother's signature, expressed the opinion that the purported signature on the consent form was not genuine. Our own comparison of the questioned signature with others which are admittedly genuine, as well as our observation of the witnesses and determination of their credibility, leads us to the conclusion that the questioned signature was not affixed by Mrs. Reinbold and is a forgery.

Under these circumstances, the Circuit Court of Winston County, Alabama, was without jurisdiction to enter a decree of divorce, and this court is not required to recognize it in these proceedings.

Defendant argues, however, that Mrs. Reinbold is estopped from challenging the validity of the Alabama divorce because she failed to appeal from an order of the Court of Common Pleas of Berks County which did recognize it. That order is res judicata, he argues, relying on Commonwealth ex rel. DeMedio v. DeMedio, 210 Pa. Superior Ct. 520, and Common-

wealth ex rel. Scarpato v. Scarpato, 190 Pa. Superior Ct. 45. A recitation of the peculiar circumstances leading to a court order in Berks County is necessary.

After defendant had left the marital home on July 2, 1970, Mrs. Reinbold consulted the domestic relations officer in Lehigh County about receiving support from her husband. Records in the Court of Quarter Sessions of Lehigh County disclosed that an earlier order of support had been entered against defendant on December 10, 1964, for the support of his wife and daughter. That order had never been formally suspended even though the parties effected a later reconciliation. Mrs. Reinbold, therefore, executed a cancellation of the arrearages which had accumulated under the court order during the period that the parties were living together and requested that the existing order be modified prospectively to reflect her daughter's emancipation and her own need for additional money. Because it appeared that defendant was residing in Berks County, Mrs. Reinbold filed in this court a complaint under the Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, 62 PS §2043.31, et seq. Her petition recited the existing order of $17.50 per week and arrearages of $157.50, which had accumulated subsequent to July 7, 1970. She requested that defendant be ordered to pay $20 per week for her support. Copies of the complaint were duly forwarded to Berks County for further proceedings.

The domestic relations officer of Berks County received the complaint and scheduled a conference between the parties. Mrs. Reinbold, being a resident of Lehigh County, had been advised that it was unnecessary for her to attend the conference and was not present. Defendant, who did appear at the conference, produced a certified copy of the Alabama

divorce decree and denied liability for the future support of his wife. It is not clear from the evidence whether the proceedings were thereafter listed for hearing before the court or whether they were dismissed by the court without hearing upon recommendation of the domestic relations officer. In either event, the validity of the Alabama decree was not specifically litigated. The following order was entered in Mrs. Reinbold's absence: "Case dismissed. Parties divorced in Alabama." Mrs. Reinbold at that time had no knowledge of the Alabama divorce. She learned of it for the first time when the Lehigh County Domestic Relations Officer notified her of the order entered by the court in Berks County. Her attorney then made several inquiries about reopening the proceedings in Berks County, but nothing further was done until defendant filed the instant petition to vacate the order.

Under these circumstances, we are of the opinion that the Berks County order is not res judicata of the present issue. In determining whether a matter is res judicata, "the essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights": Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 312; Wallace's Estate, 316 Pa. 148, 153. Indeed, procedural due process of law requires that an opportunity to appear be provided. In 16A C.J.S. §622, at pages 820-21, applicable principles of due process are stated as follows:

"An essential element of due process of law is a hearing or an opportunity to be heard on the merits of a cause. That to condemn without a hearing is repugnant to the due process clause of the Fourteenth Amendment needs nothing but statement. The bene-

fit of a hearing or an opportunity to be heard is not a matter of grace, but is one of right, safeguarded to all by the due process clauses of the federal and state constitutions. The doctrine applies to every court and to all kinds of judicial proceedings."

Procedural requirements applicable to inter-county support proceedings under the Pennsylvania Civil Procedural Support Law prescribe that after a defendant has presented evidence which constitutes a defense to the complaint, the court in the responding county must continue the case for further hearing and the submission of evidence by both parties: Commonwealth ex rel. Brown v. Brown, 217 Pa. Superior Ct. 145. In the instant case, however, the mandate of this rule was not followed. The court order was entered in Berks County without any opportunity to Mrs. Reinbold to challenge the validity of the Alabama divorce decree. Indeed, when the order was entered, she was without knowledge that a divorce decree had been granted in Alabama. To hold that she was estopped from challenging the divorce decree in these proceedings would be unconscionable.

Moreover, the court in Berks County had no jurisdiction to make a substantive determination that defendant was no longer liable for his wife's support. Its authority was limited to enforcement of the Lehigh County order. It could not alter, modify or rescind such order. Only the court in Lehigh County had jurisdiction to do that: Commonwealth ex rel. Soloff v. Soloff, 215 Pa. Superior Ct. 328. In that case, it was argued that the Court of Quarter Sessions of Montgomery County was without jurisdiction to enter a support order because a prior order had been entered in the County Court of Philadelphia County, which would be res judicata. The Superior Court agreed. Referring to section 10 of the Pennsylvania Civil Procedural Support Law, supra, 62 PS §2043.40,

the court said, at page 332: "This section authorizes the courts throughout the Commonwealth to enforce existing orders by attachment or execution and not the entry of additional orders or the modification of an existing order.

"Once the jurisdiction of a court attaches in a support case, it continues until the matter is completely and finally determined. Commonwealth ex rel. Williamson v. Williamson, 215 Pa. Superior Ct. 731, 255 A.2d 595 (1969). And it is res adjudicata as to all attempts to infringe upon the court's power to control its own order. Commonwealth v. McAlaine, 193 Pa. Superior Ct. 27, 163 A. 2d 711 (1960)."

A similar holding was made by the Court of Quarter Sessions of Adams County in Commonwealth v. Allen, 44 D. & C. 2d 227. A complaint for support filed pursuant to the Pennsylvania Civil Procedural Support Law seeking an increase in an existing order entered by the court in another county was dismissed *without prejudice* to the complainant to seek an increase in the original county. See also Sweikert v. Sweikert, 57 Lanc. 553.

For these reasons we are of the opinion that the validity of the Alabama decree of divorce was not litigated in Berks County and was not properly before that court. The order entered, therefore, is not res judicata and does not bar this court's determination that the Alabama divorce decree is invalid.

## ORDER

Now, January 17, 1972, it is ordered that defendant's petition to vacate the order of support entered in the above-captioned proceedings be and the same is hereby dismissed. The order is modified to require defendant to contribute to the support of his wife alone the sum of $17.50 per week.