Commonwealth ex rel. Powell *v.* Powell, Appellant.

370

Submitted September 8, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edward D. Foy, Jr.,* and *Liederbach, Eimer, Foy & Hahn,* for appellant.

*Neil H. Stein,* and *Kremer, Krimsky & Luterman,* for appellee.

OPINION BY CERCONE, J., February 2, 1976:

This is an appeal from an order of the Court of Common Pleas of Montgomery County directing the appellant, Richard Powell, to pay $46.00 per week for the support of his minor daughter, Christine, plus her private school tuition and medical expenses. Appellant contends, *inter alia,* that the Montgomery County Court of Common Pleas did not have jurisdiction over his person[1] and that the support proceedings should have been conducted in the Court of Common Pleas of Philadelphia County. We are constrained to agree.

The appellee, Eileen Powell, and appellant, formerly husband and wife, were divorced on March 13, 1973. Their only child, Christine, is presently fifteen years old, and lives with her mother (appellee) in Montgomery County. The appellant resides and works in Philadelphia County.

On August 22, 1974, the appellee filed a petition and complaint for the support of Christine under the Pennsylvania Civil Procedural Support Law.[2] The complaint for support was filed with the Court of Common Pleas of Montgomery County. An order was entered on the same date the complaint was filed directing appellant to appear before the Chief Desertion and Probation Officer of Montgomery County on September 10, 1974, to determine whether an agreed order could be achieved. On September 11, 1975, the appellant filed preliminary objections in the nature of a petition to dismiss for lack of venue. No separate hearing or disposition was held on appellant's preliminary objections.[3] A full support hearing was

---

1. Appellant in his brief, however, does not argue that service was not made, or was improperly made upon him in this case. Therefore, appellant's argument is addressed solely to the question of whether venue was proper in Montgomery County.

2. Act of July 13, 1953, P.L. 431, § 1 et seq., as amended by the Act of August 14, 1963, P.L. 872, § 1; 62 P.S. § 2043.31 et seq.

3. Appellant's objections were dismissed at both the hearing of October 28, 1974, and the hearing of April 7, 1975.

scheduled for October 28, 1974, but could not be completed due to other court matters. The court did impose, however, a temporary support order requiring appellant to pay a weekly sum of $45.00 plus tuition and medical expenses. Following a complete hearing on April 7, 1975, the lower court entered the final order of support from which the instant appeal was taken.

It is uncontradicted that appellee and her minor child are residents of Montgomery County, whereas appellant resides and works in Philadelphia County. As previously noted, appellee's complaint was filed in Montgomery County, and disposed of on the merits by the Montgomery County Court of Common Pleas—notwithstanding appellant's objections to venue and jurisdiction. In not forwarding the appellee's petition to Philadelphia County, which was the county of proper venue in the instant case, the lower court in Montgomery County clearly erred.

The Civil Procedural Support Law specifically provides for the type of procedure to be employed where the petitioner resides in a different county than the respondent. The duties of the court in the initiating[4] county are set forth in section 12 (62 P.S. §2043.42) as follows:

"*§2043.42 Duties of court in initiating county*

If the court of the county acting as an initiating county finds that the complaint sets forth facts from which it may be determined that the defendant owes a duty of support or the defendant is in default in payment on an order of support and that the court of the responding county may obtain jurisdiction of the defendant or his property, it shall so certify to the responding county and shall cause three copies of (1)

---

4. " 'Initiating County' means any county in which any proceeding pursuant to this act is commenced.

" 'Responding County' means any county (including the initiating county) in which any proceeding pursuant to the proceeding in the initiating county is or may be commenced." 62 P.S. § 2043.32.

the complaint or order and (2) its certification to be transmitted to the court in the responding county." In *Commonwealth ex rel. Brown v. Brown,* 217 Pa. Superior Ct. 145, 146 (1970), we observed that:

"The Civil Procedural Support Law enables a complainant in one county to obtain an enforceable support order against a defendant in another county. The complainant initiates the proceeding by filing a petition in the Court of Common Pleas in her county. If that court is satisfied she has a good cause of action it forwards the petition to the responding county, the home of the defendant, for a hearing. The District Attorney of the responding county represents the petitioner at the hearing. Her presence is not required; nor is it expected if the distances are substantial. The court in the responding county has the ultimate jurisdiction in the matter." Also see *Haines v. Haines,* 7 D. & C. 2d 253 (1955).

Furthermore, the Revised Uniform Reciprocal Enforcement of Support Act (1968), Act of December 6, 1972, P.L. 1365, No. 291, §1 et seq., 62 P.S. §2043-1 et seq., also defines the procedure to be followed when the plaintiff and defendant reside in different counties within the same state. Section 33 (62 P.S. §2043-35) entitled "Intrastate Application" states:

"This act applies if both the obligee and the obligor are in this State but in different counties. If the court of the county in which the petition is filed finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and finds that a court of another county in this State may obtain jurisdiction over the obligor or his property, the clerk of the court shall send the petition and a certification of the findings to the court of the county in which the obligor or his property is found. The clerk of the court of the county receiving these

documents shall notify the prosecuting attorney of their receipt. The prosecuting attorney and the court in the county to which the copies are forwarded then shall have duties corresponding to those imposed upon them when acting for this State as a responding state."

The foregoing pertinent sections of the Civil Procedural Support Law and the Revised Uniform Reciprocal Enforcement of Support Act demonstrate that Philadelphia County was the county of proper venue, since it was the county in which the respondent resided.

Accordingly, the order of the lower court is reversed and the record is remanded for proceedings in accordance with this opinion.

SPAETH, J., concurs in the result.

———

DISSENTING OPINION BY JACOBS, J.:

I must respectfully dissent.

Appellant's preliminary objections in the nature of a petition to dismiss for lack of venue specifically and erroneously relied upon Section 11 of the Revised Uniform Reciprocal Enforcement of Support Act (1968), 62 P.S. §2043-13 (b) (Supp. 1975-76).[1] Printed Record at 8a.

Under Section 11, the Court of Common Pleas of Montgomery County was a court of proper venue. On appeal to this Court, appellant relies upon Section 33 of the aforementioned Act, 62 P.S. §2043-35 (Supp. 1975-76). This section was not the specific ground relied upon below and I would therefore affirm the order of the lower court.

PRICE, J., joins in this dissenting opinion.

———

1. Act of December 6, 1972, P.L. 1365, No. 291, 62 P.S. §2043-13 (b) (Supp. 1975-76).