378 A.2d 975

**Helene H. STOLKER, Appellant,**

v.

**Leonard M. STOLKER.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided Oct. 6, 1977.

Pamela W. Higgins, Philadelphia, with her Richard A. Sprague, Philadelphia, for appellant.

Sidney M. DeAngelis, Norristown, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from the June 21, 1976, Order of the lower court, dismissing appellant's complaint for support. Before the Montgomery County Court, appellant filed a complaint for the support of herself and four minor children of her marriage to the defendant. This complaint averred that defendant resided in Montgomery County. However, responsively filed by counsel for defendant was a motion to "quash the Petition for Support" based upon the allegation that defendant resided in Philadelphia and that jurisdiction of the subject matter was not in the Montgomery County Court. On May 13, 1976, the lower court "quashed" the petition. Thereafter, the lower court vacated this Order and granted a rule upon plaintiff to show cause why the petition should not be quashed. Argument was held on June 18, 1976.

At the argument it was made clear that, at least after the complaint had been filed, defendant had become a resident of Philadelphia County.[1] It was the position of counsel for appellant that the lower court should transfer the matter to the latter county. Counsel for our appellee objected to a transfer because there had been filed no request for transfer under the "Revised Uniform Reciprocal Enforcement of Support Act", Act of 1972, Dec. 6, P.L. 1365, No. 291, 62 P.S. §§ 2043.1 et seq. The reasoning of the lower court in dismissing the complaint was two-fold: that there is on

1. The motion to quash filed by the defendant-appellee averred that the defendant resided in Philadelphia and in the colloquy before the court both counsel openly stated that the defendant was residing in Philadelphia.

record no evidence of appellee's residency, and that it would be in the interests of judicial economy and no inconvenience to her, to oblige appellant to initiate separate proceedings in Philadelphia County.

We disagree. This case arose in Montgomery County pursuant to "The Pennsylvania Civil Procedural Support Law", Act of 1953, July 13, P.L. 431, 62 P.S. §§ 2043.31 et seq. Thus Montgomery became the "initiating county", Act, *ibid.*, 62 P.S. § 2043.32. At the June 18 argument, it became known to the lower court that appellee-husband was then residing in Philadelphia County. In circumstances such as in this case when it is clear that "the complaint sets forth facts from which it may be determined that the defendant owes a duty of support"[2] and "that the court of the responding county may obtain jurisdiction of the defendant or his property"[3] the initiating court should transfer the case to the "responding county"[4]. Consequently, in the instant case, the fact of defendant's residence in Philadelphia was before the lower court—that court was in error by not ordering transfer to Philadelphia County, in keeping with the Act, so as to allow Philadelphia County to assume its role as "responding county". Act, *ibid.*, 62 P.S. §§ 2043.32 and 2043.43.

A very similar situation came before us in *Commonwealth ex rel. Eileen Powell v. Richard M. Powell*, 238 Pa.Super. 369, 357 A.2d 566 (1976) (Opinion by Cercone, J., Spaeth, J. concurring in the result; Dissenting Opinion by Jacobs, J., Price, J. joining therein). There we held that the proper procedure is for the lower court to transfer the case to the proper responding county. We also pointed out that the "Revised Uniform Reciprocal Enforcement of Support Act," 62 P.S. §§ 2043.1 *et seq.* likewise contains a provision for the transfer of a case so that the court of the county in the

2. Act, *Ibid.*, 62 P.S. § 2043.42.

3. *Ibid.*

4. *Ibid.*, 62 P.S. § 2043.32.

360

Commonwealth which has jurisdiction over the obligor and his property may exercise that jurisdiction. The presence of these precepts within the aforementioned Acts shows that it is in the interest of justice, and judicial economy, as well as for expeditiousness of enforcement of any order, that a case be transferred to the county where the defendant-obligor resides.

■ We have before us also appellee's Motion to Quash Appeal, wherein it is alleged that the issue of the case has been made moot by appellant's having filed a separate complaint for support in Philadelphia County during the pendency of this appeal. Having received appellee's answer to the motion to quash we ordered that consideration of the motion and answer be deferred until the argument before us at our December, 1976, session at Philadelphia.[5] We hold that the issue is not moot, for the reason that the lower court, upon transfer, should be enabled to consider the averments raised in the petition, from the time of its filing in Montgomery County. A subsequent action in a different county does not moot the action previously filed in an initiating county when the actions can be consolidated and continued as one action beginning from the date of filing in the initiating county.

Order of June 21, 1976, is reversed and the case is remanded with direction that the Montgomery County Court of Common Pleas transfer the case to the Philadelphia County Court of Common Pleas, proceeding in accordance with this Opinion and "The Pennsylvania Civil Procedural Support Law."

SPAETH, J., concurs in the result.

5. At argument, only appellant's counsel appeared, appellee's counsel preferring to submit his arguments by way of the written briefs, record, and motion.