## Montgomery v. Montgomery

*John K. Hart* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for plaintiff.
*Franklyn E. Conflenti,* for defendant.

COLBERT, *J.,* October 27, 1977 — On February 27, 1976, Mrs. Sally Montgomery, plaintiff, served Dr. George Montgomery, defendant, with a complaint for support, which complaint was filed with this court on March 1, 1976. The petition for support listed both plaintiff and defendant as living in Allegheny County. A March 9 hearing was ordered. On March 1, 1976, Dr. Montgomery moved to Somerset County. He attended the March 9 hearing, from whence an order of support was issued. Defendant has been making payments of support pursuant to the order since that time.

On April 13, 1977, plaintiff requested an increase in the support payments. Defendant, as a result of the burden of traveling and loss of work time necessitated by commuting to Allegheny

County to defend against the increase, is petitioning the court for a change of venue to Somerset County where he now resides.

## I. THE APPLICABILITY OF RULE 1006(d)

Dr. Montgomery relies on Rule 1006(d) of the Pennsylvania Rules of Civil Procedure as authorizing the court to change venue in cases of this kind. The pertinent part of that section is as follows:

"(d) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought . . ."

This section is inapplicable, as the action could not originally have been brought in Somerset County. In actions of this kind, the propriety of venue is determined retrospectively after the writ is served and on what actually happened in the county of suit after the writ issued: Salay v. Braun, 427 Pa. 480, 235 A.2d 368 (1967). Defendant was served on February 27, 1976, in Allegheny County. At that time, both defendant and plaintiff were present in, and residents of, Allegheny County. There was nothing in the complaint which showed that this action had any connection with Somerset County. Therefore, this court does not have the authority under Rule 1006(d) to transfer venue to Somerset County.

## II. URESA DOES NOT APPLY

Defendant also relies on the Revised Uniform Reciprocal Enforcement of Support Act of December 6, 1972, P.L. 1365, sec. 33, 62 P.S. §2043-35, as controlling:

"This act applies if both the obligee and the obligor are in this State but in different counties. If the

court of the county in which the petition is filed finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and finds that a court of another county in this State may obtain jurisdiction over the obligor or his property, the clerk of the court shall send the petition and a certification of the findings to the court of the county in which the obligor or his property is found. The clerk of the court of the county receiving these documents shall notify the prosecuting attorney of their receipt. The prosecuting attorney and the court in the county to which the copies are forwarded then shall have duties corresponding to those imposed upon them when acting for this State as a responding state."

We find that Uniform Reciprocal Enforcement of Support Act does not apply to the situation at hand. The petition as filed, which stated defendant's address as being in Allegheny County, did not set forth facts from which this court might have found that a court of another county in the State would have had jurisdiction over Dr. Montgomery or his property. Dr. Montgomery relies on Commonwealth ex rel. Powell v. Powell, 238 Pa. Superior Ct. 369, 357 A.2d 566 (1976), to support his position that the Uniform Reciprocal Enforcement of Support Act applies. Powell was a support case in which the court found that proper venue lay in the county of defendant's residence. We feel that Powell is distinguishable from and, therefore, inapplicable to the present case. Powell involved a case at the initiation stage of the proceeding in which defendant filed preliminary objections to venue. There was no question that plaintiff and defendant resided in different counties. The present proceeding, however, was initiated March 9, 1976, well

over a year ago, at which time defendant did not protest the court's venue. Furthermore, plaintiff and defendant were both, of record, residents of Allegheny County.

## III. JURISDICTION IS PROPER
## IN THIS COURT

It is not disputed that this court obtained proper jurisdiction over this matter. Once the jurisdiction of a court attaches in a support case, it continues until the matter is completely and finally determined: Commonwealth ex rel. Williamson v. Williamson, 215 Pa. Superior Ct. 731, 256 A.2d 134 (1969); Commonwealth ex rel. Soloff v. Soloff, 215 Pa. Superior Ct. 328, 257 A.2d 314 (1969); 62 P.S. §2043.40. It is, therefore, proper that this court should hear all modifications of our original support order.

For the foregoing reasons, defendant's petition will be denied.

### ORDER

And now, October 27, 1977, after hearing in open court, it is hereby ordered, adjudged and decreed that defendant's petition for change of venue be and the same is hereby denied.