## Commonwealth v. Klimen

*Norman Perlberger*, for petitioner.
*Frederic M. Wentz*, for respondent.

KELTON, *J.*, March 2, 1979—This is a case involving the question of whether a Bucks County court should accept jurisdiction over an action seeking to require a Maryland resident to pay the accrued arrearage under a Maryland child support order and to increase the amount of that order. We conclude that we should invoke the doctrine of forum non conveniens and decline to entertain the action.

Petitioner Eleanor J. Stolber now resides in Bucks County with the parties' child, Steven. Respondent Dr. Gary Robert Klimen lives and maintains a dentistry practice at Rockville, Maryland. The parties separated on July 25, 1970, following which petitioner obtained a final support order of $250 per month from the Circuit Court of Montgomery County, Maryland, on September 7, 1972. She thereafter also made use of that court to collect support arrearages. Dr. Klimen obtained a

child visitation order from that same court, but recently filed a petition for visitation here in Bucks County, presumably for the reason that the Maryland court was unable to enforce its order.[1]

Upon receipt of the support petition we denied relief without prejudice to the right of petitioner to file a request for a hearing on the question of whether the Court of Common Pleas of Bucks County has subject matter jurisdiction over the action and in personam jurisdiction over respondent, and if so, whether the court should accept or decline jurisdiction under the doctrine of forum non conveniens. After holding the requested hearing and after review of the briefs of the parties we have determined that while we do have jurisdiction over the parties and the subject matter, we should decline to exercise it.

We have little difficulty in concluding that jurisdiction over the subject matter of this action, namely the support of a child residing within the county, is present by virtue of either the Crimes Code, 18 C.P.S.A. §4322(a), or the Judicial Code, 42 Pa.C.S.A. §§6704(b), 6744 and 6750. Section 6751(b) of the latter code, 42 Pa.C.S.A. §6751(b), states that "[t]he petition may be filed in the appropriate court of any state in which the obligee resides." The obligee child clearly resides in Bucks County, Pennsylvania.

We also are satisfied that this court has acquired in personam jurisdiction over defendant. The parties stipulated at the hearing that personal service

1. The visitation proceedings are currently under the jurisdiction of Judge Mims of this court. She has referred the parties to our Family Court Evaluation Service and has entered no formal visitation order at this time.

of the Pennsylvania support petition on the respondent was effected in this State. Section §4322(a) of the Crimes Code merely requires that the father be "within the limits of the Commonwealth." This has been construed in Com. ex rel. DiPasquale v. DiPasquale, 162 Pa. Superior Ct. 29, 56 A. 2d 265 (1948), to require only the physical "presence" of the obligor parent within the State. We further agree with petitioner that section 6744 of the Judicial Code which provides that a duty of support will bind an obligor "present in the Commonwealth" should be afforded the same interpretation as in DiPasquale. In DiPasquale, the initial jurisdiction was acquired by arrest of the person; here it was acquired by service of the petition. Therefore, we find that the Bucks County Court of Common Pleas is competent from a jurisdictional standpoint to hear Mrs. Stolber's petition.

We do not agree, however, that this court is the proper forum to hear the case. Section 6751(b) of the Judicial Code provides:

"The court may decline or refuse to accept and forward the petition on the ground that it should be filed with some other court of this or any other state where there is pending another action for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody between the same parties *or where another court has already issued a support order in some other proceeding and has retained jurisdiction for its enforcement.*" (Emphasis supplied.) Although a proceeding for visitation is pending in Bucks County we find that the Maryland court is still the proper forum for the support action since that court has already issued a support order and has retained jurisdiction for its enforcement.

This finding is supported by decisions involving both *intra*state and *inter*state custody problems.

In Stolker v. Stolker, 250 Pa. Superior Ct. 356, 378 A. 2d 975 (1977), an intrastate case, a petition for support was filed in Montgomery County (Pennsylvania) but defendant's residence was in Philadelphia. After examining the provisions of The Pennsylvania Civil Procedural Support Law, 42 Pa.C.S.A §6701 et seq., and the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C.S.A. §§6741 et seq., the court held that the statute's intent dictated that "it is in the interest of justice, and judicial economy, as well as for expeditiousness of enforcement of any order, that a case be transferred to the county where the defendant-obligor resides." Stolker, supra, at 360. Therefore, had the instant action involved an obligor who resided in another county rather than in another state, it would clearly be within our power to transfer the action to the county of residence of the obligor.

In Com. ex rel Holzbaur v. Holzbaur, 185 Pa. Superior Ct. 343, 138 A. 2d 268 (1958), an interstate case, a petition was filed in this state by a wife residing in New Jersey against her husband, a Pennsylvania resident. As here, petitioner was already receiving support under another state's order, there New Jersey. In approving the action of the Philadelphia Court in refusing to hear the case, the Superior Court approved the following language of the lower court. We find that the same reasoning is applicable here.

"'Assuming even sufficient credible evidence to establish 'change of circumstances,' this court, of course, has no power to change or modify a decree of a court of record of a sister state. We also question

the propriety—if, indeed, we have the power so to do—of entering an order de novo in this court against this defendant under the circumstances of this case. It is true that the physical presence of the husband within the limits of the Commonwealth is the only jurisdictional requirement . . . However, it has been aptly said that 'where two tribunals have concurrent jurisdiction over any subject matter, the court in which the proceedings are first commenced has priority and no other court may limit the power of the first tribunal to dispose of the case.'" (Citations omitted.) Holzbaur, supra, at 345. The court then examined the procedure involved where two counties within the same state are involved and found that the county which first enters an order has exclusive jurisdiction. They then concluded that the same reasoning should apply to an interstate situation.

"'Were we to enter such an order in this court against the defendant, the new order in and of itself would not stop the running of the order presently in force in New Jersey. What then would be the effect of such an order here? Could we simply notify the New Jersey Court that we have taken jurisdiction of this case away from them? Could not the court in New Jersey ignore our order and insist upon its obedience, even as we would by our order in effect ignore the New Jersey mandate? . . . To enter an order here de novo on top of the one admittedly already in being in New Jersey . . . would place an unfair, excessive and undue burden on this defendant.'" Id. at 346-347.

On the basis of the foregoing cases, we find that the circumstances of this action require that we decline jurisdiction over the petition. While these cases do deal solely with civil actions, we find that

the same considerations are relevant to a determination under section 4322 of the Criminal Code in a criminal matter.[2] There is no question that the respondent resides in Maryland, where we have no subpoena power over either his person or his records, or execution power over his property. As in Stolker, supra, therefore, the difficulties inherent in the enforcement of an order granted by this court would strongly militate in favor of allowing the forum where the respondent resides to retain jurisdiction. Even more importantly, by declining jurisdiction, we avoid the problems of failing to give full faith and credit to the order of a sister state and placing duplicate litigation burdens on the respondent. Compare Yarborough v. Yarborough, 290 U.S. 202, 212, 78 L. Ed. 269, 276 (1933) (full faith and credit required), with Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 1698-1699 (1978) (extra-territorial service quashed; see cases cited in footnote 9 for discussion of full faith and credit problem).

Accordingly, we enter the following

ORDER

And now, March 2, 1979, the court hereby refuses the petition for support and hereby directs that the parties litigate all contested support matters in the Circuit Court of Montgomery County, Maryland. Jurisdiction is retained in the event said court refuses to act in the matter.

---

2. Although the petition in this case is couched in language sounding like a *civil* action, petitioner's counsel argued at the hearing that petitioner should have the continuing right to elect to treat the matter as *criminal*. We need not determine that issue.