421 A.2d 1077

**Shirley COLEMAN**

v.

**Harrison COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Aug. 29, 1980.

Peter S. Steinberger, Allentown, for appellant.

Mark Sigmon, Bethlehem, for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing his preliminary objections to the venue of this support action. We disagree and, accordingly, affirm the order of the court below.

The parties are husband and wife and have been separated since October, 1978. On November 6, 1978, the appellee wife brought this action against the appellant husband in the Court of Common Pleas of Northampton County, seeking support for herself and the parties' two minor children. The complaint averred that both parties reside in Northampton County. The husband filed preliminary objections, alleging

that venue did not lie in Northampton County. He averred that since the parties' separation, he has been a resident of Lehigh County.[1] The lower court, concluding that the action had been properly brought in Northampton County, dismissed the preliminary objections. The husband then took this appeal.[2]

■ The husband contends that pursuant to the Civil Procedural Support Law venue lies only in the county in which the defendant resides. Section 6712 of the Civil Procedural Support Law, which now appears in subchapter A of chapter 67 of the Judicial Code,[3] provides:

If the court of the county acting as initiating county finds that the complaint sets forth facts from which it may be determined that the defendant owes a duty of support or the defendant is in default in payment of an order of support and that the court of the responding county may obtain jurisdiction of the defendant or his property, it shall so certify to the responding county and shall cause three copies of the complaint or order and its certification to be transmitted to the court in the responding county.

42 Pa.C.S. § 6712. "Initiating county" is defined as "[a]ny county in which any proceeding pursuant to this subchapter is commenced." *Id.* § 6702. "Responding county" is defined

1. The husband states in his brief that his wife's residence in Northampton County is owned by the parties as tenants by the entireties.

2. At the time this interlocutory appeal was filed, our jurisdiction was conferred by the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (repealed). Although that Act does not refer to venue, our Supreme Court has construed the Act as authorizing review of trial court rulings on the propriety of venue. *See, e. g., Stefanick v. Minucci,* 460 Pa. 574, 576 n.1, 333 A.2d 920, 921 n.1 (1975); *Smith Estate,* 442 Pa. 249, 254, 275 A.2d 323, 325 (1971); *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 409, 246 A.2d 384, 385 (1968). Our jurisdiction over such appeals is now governed by Rule 311(b) of the Pennsylvania Rules of Appellate Procedure (effective April 22, 1979).

3. Act of April 28, 1978, P.L. 202, No. 53; 42 Pa.C.S. § 6701 et seq. Subchapter A is substantially a reenactment of the Civil Procedural Support Act of July 13, 1953, P.L. 431, § 1 et seq., as amended; 62 P.S. § 2043.31 et seq.

as "[a]ny county (including the initiating county) in which any proceeding pursuant to the proceeding in the initiating county is or may be commenced." *Id.*

In *Commonwealth ex rel. Powell v. Powell*, 238 Pa.Super. 369, 357 A.2d 566 (1976), the plaintiff brought an action pursuant to the Civil Procedural Support Act of July 13, 1953,[4] in the Court of Common Pleas of Montgomery County. The defendant filed preliminary objections, contending that venue properly lay in Philadelphia County, where he resided. The trial court dismissed the preliminary objections and, following a hearing, entered a support order. On appeal, we stated that section 12 of the Civil Procedural Support Law[5] (which is the predecessor of section 6712 of the Judicial Code and contains identical language) "specifically provides for the type of procedure to be employed when the petitioner resides in a different county than the respondent." *Id.*, 238 Pa.Super. at 372, 357 A.2d at 567. We noted also that a similar provision is contained in the Revised Uniform Reciprocal Enforcement of Support Act (1968).[6] On the basis of those provisions, we held that the county in which the defendant resided was the county of proper venue.

In *Stolker v. Stolker*, 250 Pa.Super. 356, 378 A.2d 975 (1977), the plaintiff filed a petition for support in the Court of Common Pleas of Montgomery County. Although the complaint averred that defendant resided in Montgomery County, the defendant established that he had become a resident of Philadelphia County. On appeal, we relied upon *Powell, supra,* and the statutory provisions cited therein in holding that the trial court should have transferred the case to Philadelphia County pursuant to section 12 of the 1953 Civil Procedural Support Law. We stated: "The presence of these precepts within the aforementioned Acts shows that it is in the interest of justice, and judicial economy, as well

4. *See* note 3 *supra.*

5. 62 P.S. § 2043.42 (repealed).

6. Act of Dec. 6, 1972, P.L. 1365, No. 291, § 33; 62 P.S. § 2043–35 (repealed) (current version at 42 Pa.C.S. § 6773).

as for expeditiousness of enforcement of any order, that a case be transferred to the county where the defendant–obligor resides." *Id.*, 250 Pa.Super. at 360, 378 A.2d at 976.

In the instant case, the husband argues that *Powell* and *Stolker* hold that under the Civil Procedural Support Law venue lies only in the county in which the defendant resides. Thus, although the husband acknowledges that he owns property in Northampton County, he contends that the lower court should have transferred the case to Lehigh County, where he resides. The lower court, however, believed that under the Civil Procedural Support Law venue is proper in the county in which the defendant resides or owns property. The court reasoned that this rule is consistent with *Powell* and *Stolker* because there is no indication that the defendants in those cases owned any property in the county in which suit had been instituted. We agree with the lower court.

Section 6712 of the Judicial Code, as well as its predecessor, requires the court of the "initiating county" to transfer the case to the "responding county" if it determines that the complaint sets forth a good cause of action and the court of the responding county may obtain jurisdiction over the defendant or his property. In defining the term "responding county," section 6702 of the Judicial Code states that it includes the initiating county. Accordingly, by the language of section 6712, if the initiating county can obtain jurisdiction over the defendant *or his property*, then it would also qualify as a responding county and thus could hear the case on its merits.

■ Our construction of section 6712 is consistent with the purpose of that provision. As intimated by the Court in *Stolker*, the purpose of section 6712 and its predecessor is to promote judicial economy and expedite the enforcement of a support order by providing a procedure which permits the merits of the support action to be reached by the court in a county which can obtain jurisdiction over the defendant or his property. Thus, if the county in which the action was brought cannot obtain jurisdiction, section 6712 enables the

court to transfer the case to a county which can obtain jurisdiction. If section 6712 did not exist, the court in such a case would have to dismiss the action, and the petitioner would have to institute another action in a proper county. Where, however, the county in which the action is brought can obtain jurisdiction over the defendant or his property, there is no reason to transfer the case to another county. We believe that the following is a correct statement of the law:

> If the courts of the county are unable to obtain in personam jurisdiction over the defendant or if no property of the defendant is subject to attachment and if the court determines that the complaint sets forth a good cause of action, the complaint will be certified and transmitted to a county, known as the "responding" county, in which jurisdiction can be obtained. The courts of such county will then hear defendant's case and *issue the support order.* Thus, venue will ultimately be in a county which has jurisdiction over the defendant or his property, regardless of where suit is commenced.

Momjian & Perlberger, *Pennsylvania Family Law* § 6.2.2 (1978) (footnotes omitted) (emphasis in original).

Although not indicated in the record, the husband acknowledges in his brief that his wife's residence in Northampton County is owned by the parties as tenants by the entireties. The Act of May 24, 1923, P.L. 446, § 1, 48 P.S. § 137, permits a wife who has obtained an order of support for herself and/or her children to execute against real estate held by her and her husband as tenants by the entireties.[7] *See Backus v. Backus*, 464 Pa. 380, 385, 346 A.2d 790, 792 (1975). Consequently, we hold that because Northampton County can obtain jurisdiction over the husband's entireties property, the lower court correctly dismissed the husband's objections to venue.

Order affirmed and case remanded for further proceedings.

---

7. Our Supreme Court has held that this provision applies equally to husbands seeking to enforce support orders. *Commonwealth ex rel. Stein v. Stein*, 487 Pa. 1, 406 A.2d 1381 (1979).