## Bachman v. Bachman

*Richard C. Brittain,* for plaintiff.
*John A. Mihalik,* for defendant.

MYERS, *P.J.,* February 13, 1985—Defendant, Frederick C. Bachman, M.D., is the husband of plaintiff, Louise Holman Bachman. Plaintiff and defendant have been separated for 15 years. After sep-

aration, defendant successfully petitioned to have plaintiff declared incompetent. In due course the Northeastern Bank of Pennsylvania was appointed guardian of her estate.

Defendant is presently obligated to pay plaintiff $600 per month pursuant to a support order. In addition to this income, plaintiff is also the beneficiary of a spendthrift trust which was incorporated into the will of her late father. The trustee of said trust is plaintiff's brother, Allen W. Holman, Jr., Esq.

Defendant has filed for modification of the aforesaid support order. Pursuant thereto, a support conference was held before a Montour County Domestic Relations' Officer at which time Holman was subpeoned to bring certain information relating to the spendthrift trust, so that an independent evaluation could be made of plaintiff's estate to determine her need. Holman declined to disclose the assets of the trust, or the income derived therefrom, on the basis of the spendthrift provisions contained in the will.

Thus, the issue before the court is whether the trustee of plaintiff must divulge to the domestic relations' office the assets in the spendthrift trust and the income generated therefrom, so that it can be considered in determining the amount of support defendant must pay to plaintiff.

Plaintiff argues that there is no authority for the proposition that income received by a wife from a spendthrift trust should be considered in determining amount of support due and owing from her husband.

Defendant counters that since the court must consider all sources of spousal income and since trust income is relevant, the court cannot reach a just resolution of the support issue without informa-

tion as to the assets in the spendthrift trust and the income generated therefrom. We agree.

Pennsylvania has adopted an Equal Rights Amendment which is set forth in Article 1 §28 of the Pennsylvania Constitution. Said amendment reads, "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Thus, in Pennsylvania under the ERA, an equal burden of support exists between the sexes. Kurpiewski v. Kurpiewski, 254 Pa. Super. 489, 386 A.2d 55, 57 n. 2 (1978). Furthermore, before the ERA was enacted in Pennsylvania, it was established that the separate income of a wife is a relevant circumstance to be considered in fixing the amount of support a wife is to receive. Commonwealth v. Kauffman, 199 Pa. Super. 375, 185 A.2d 799 (1962); Adams v. Adams, 84 Montg. Co. L.R. 253 (1964).

The rules governing an action of a married woman for support and maintenance against her husband are set forth in 48 P.S. §131 et seq. It has been held under the Pennsylvania E.R.A., that a wife's right of action for support and maintenance, as found in section 131, also provides a reciprocal remedy for the husband. Cocia v. Cocia, 285 Pa. Super. 259, 427 A.2d 212 (1981). It has also been held that sections 132 and 137 of the aforementioned statute, which provide in rem and in personam support remedies for a wife, are equally available to a husband. Commonwealth v. Stein, 487 Pa. 1, 406 A.2d 1381 (1979); Coleman v. Coleman, 280 Pa. Super. 566, 421 A.2d 1077 (1980).

At the same time, it should also be pointed out that not all of the sections of the statute governing an action for support have been extended to apply equally to a husband. Section 136 is one such section.

Section 136 states, inter alia, that a writ of execution may be issued against a spendthrift trust, of which the husband is beneficiary, to pay support for his wife. Said writ must be issued, since the income of a trust, subject to a spendthrift or similar provision, may be utilized as a source of support of anyone to whom the beneficiary owes a legal duty to support. 20 P.S. §6112.

We do not hold that the remedy afforded in section 136 is now available against a spendthrift trust of which the wife is a beneficiary. Rather, we hold only that since a burden of support may be imposed upon a wife as well as a husband, and since, if she is under such a burden, her income from a spendthrift trust could be turned over to the husband pursuant to that burden, when the issue is the amount of support to be awarded, the income and principal of a spendthrift trust, of which the wife is a beneficiary, is relevant and shall be disclosed. Such a conclusion comports with the expression of equal rights found in the Pennsylvania Constitution, and the decisions cited herein extending the application of sections 131, 132 and 137 to both sexes.

Thus, regardless of whether or not a writ of execution could be issued against a spendthrift trust of which a wife is a beneficiary, the income and assets of such a trust are relevant in determining the amount of support which a wife is to receive. Consequently, information as to the income and the assets of the spendthrift trust of which plaintiff is the beneficiary must be disclosed in order to make a proper determination and award of support. Therefore, we conclude that the trustee of plaintiff must divulge to the domestic relations' office the assets in the spendthrift trust and the income generated therefrom, and said income is to be considered in deter-

mining the extent of the obligation of defendant to support his wife.

## ORDER OF COURT

And now, this February 13, 1985, it is hereby ordered and decreed that the trustee of plaintiff divulge to the domestic relations' office the assets in the spendthrift trust herein in question and the income generated therefrom.