THE PEOPLE *ex rel.* HOLLY B. LeGOUT, Petitioner-Appellant, v. RICKY J. DECKER, Respondent-Appellee.

Fifth District    No. 5—89—0699

Opinion filed February 28, 1991.

CHAPMAN, J., dissenting. .

Jon C. Anderson, State's Attorney, of Robinson (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

No brief filed for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Appellant appeals from the trial court's dismissal for lack of jurisdiction of petitioner's action for support pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1987, ch. 40, pars. 1201 through 1242) (the Act). Although respondent has not filed a brief in this appeal, we nevertheless consider the appeal on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The petitioner, Holly B. LeGout, a resident of Lawrence County, Illinois, filed a petition pursuant to the Act, seeking to enforce a support order entered against the respondent, a resident of Crawford County, in the dissolution of marriage action in that county's court. The circuit court of Lawrence County transmitted the case to the cir-

cuit court of Crawford County, the county of residence of the respondent. In the circuit court of Crawford County a stipulated order was entered on September 23, 1988, wherein the respondent was found to be in arrears in the amount of $2,950 for support of his child, and respondent's child support obligation was increased from the $150 per month ordered pursuant to the order of judgment of dissolution of marriage to the sum of $200 per month.

A summons was issued May 2, 1989, requiring respondent to appear in court to answer to charges of failure to comply with the order of support. On August 22, 1989, respondent filed a motion to dismiss the petitioner's cause of action, asserting that the Act was inapplicable to the case at bar and seeking vacation of the order of September 23, 1988, due to lack of subject matter jurisdiction in the court. This motion to dismiss was granted by the circuit court of Crawford County on September 8, 1989, and an order reflecting the court's finding was filed September 18, 1989. A timely notice of appeal was filed. We affirm the decision of the trial court granting respondent's motion to dismiss.

■ The primary purpose of the Act is to make it feasible for a defendant in one State to enforce the duty of support owed by a person residing in another State. (*People ex rel. Noah v. Gasik* (1980), 91 Ill. App. 3d 980, 982, 415 N.E.2d 452, 452.) It has been used to enforce support obligations where a decree of dissolution of marriage and a support order have been entered in another State and the obligor moves to this State while the obligee remains in the jurisdiction which granted the decree (*Rathmell v. Gardner* (1982), 105 Ill. App. 3d 986, 434 N.E.2d 1156 (Ohio dissolution of marriage and support order, obligee lives in Ohio, obligor lives in Illinois)); where a foreign decree of dissolution and support order are entered and both the obligor and obligee leave that jurisdiction (*Dorsey v. Dorsey* (1980), 86 Ill. App. 3d 1043, 408 N.E.2d 502 (California dissolution and support order, obligor moves to Virginia, obligee is an Illinois resident)); and where an Illinois decree of dissolution and order of support are entered and the obligor remains in Illinois and the obligee moves to another State (*People ex rel. Argo v. Henderson* (1981), 97 Ill. App. 3d 425, 422 N.E.2d 1005 (Illinois dissolution of marriage and support order, obligor remains in Illinois, obligee moves to Florida)). The People have not cited nor has the court found an instance where the scenario presented by the case at bar has been adjudicated in the State of Illinois. The instant case presents a situation wherein an Illinois resident seeks to enforce and to modify the provisions of an Illinois decree of

dissolution and support order against an obligor who remains in the State of Illinois, albeit in another county.

The State cites three cases from other jurisdictions in support of its thesis that an obligee who resides in one county of a State may use the Act to enforce a support order against an obligor who resides in a different county, regardless of where the order directing the obligor to support his children is entered. These cases are, however, inapplicable to the case at bar.

In *Commonwealth ex rel. Powell v. Powell* (1976), 238 Pa. Super. 369, 357 A.2d 566, the court stated that under the Act, the place of residence of the obligor was the proper venue where both obligor and obligee were residents of the State of Pennsylvania. However, while the superior court of Pennsylvania cited to section 33 of the Revised Uniform Reciprocal Enforcement of Support Act in support of their holding, the appeal which that court was entertaining was not the result of an action brought pursuant to the Act, but was pursued under the Pennsylvania Civil Procedural Support Law (62 Pa. Stat. Ann. §2043.31 *et seq.* (Purdon 1868)). Furthermore, there is nothing in the *Powell* case to support the State's contention that the support order in *Powell* was not entered by some foreign State or country. The opinion is devoid of any mention of the origin of the order of dissolution and support.

*Stolker v. Stolker* (1977), 250 Pa. Super. 356, 378 A.2d 975, held, as did the *Powell* case, that where the obligor and obligee are present in the same State, the proper procedure in the trial court is to transfer a complaint for support to the county in which the obligor is a resident, in order to have a case considered in a court with jurisdiction over both the person and the property of the obligor. Again, the complaint in *Stolker* was brought in the county of residence of the obligee pursuant to the Pennsylvania Civil Procedural Support Law, not the Act. As in *Powell*, there is no indication in the opinion of what court entered the original order of dissolution and support.

Additionally, the State cites *Buschway v. Reindeau* (1979), 137 Vt. 455, 462, 407 A.2d 178, 181, for the proposition that, "[w]hen the obligor or obligee crosses the country, the state border, or a county line the remedies provided by the Act become available." The decision in *Buschway* resulted from an appeal of an order entered in a proceeding under Vermont's Revised Uniform Reciprocal Enforcement of Support Act (Vt. Stat. Ann. tit. 15, §§385-428 (1968)). In that case, the parties to the marriage were married in Vermont, and an order of dissolution and child support was also entered in that State. Shortly after the dissolution, the obligee removed herself to Massachusetts,

where she remained with one of the children of the marriage. The obligor remained in Vermont, with the remaining three children of the marriage. When the obligor failed to pay child support for the fourth child, who had moved with the obligee to Massachusetts, the obligee filed a petition for support under the Massachusetts Revised Uniform Reciprocal Enforcement of Support Act, and the Massachusetts court certified the case and transferred the certificate to the Vermont court under the Act. The court found that the appropriate forum for the case was Vermont. The *Buschway* case differs from the case at bar in that the obligee, an out-of-State resident, sought to enforce a support obligation in the State wherein that obligation was incurred and wherein the obligor still resided, unlike the case at bar where the obligation was incurred in Illinois, and both obligee and obligor remain in the State.

■ The provisions of the Act include a procedure whereby an obligee living in one county of the State can enforce the support obligation owed by an obligor in another county of the State via section 33 of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 1233):

"This Act applies if both the obligee and the obligor are in this State but in different counties. If the court of the county in which the petition is filed finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and finds that a court of another county in this State may obtain jurisdiction over the obligor or his property, the clerk of the court shall send the petition and a certification of the findings to the court of the county in which the obligor or his property is found. The clerk of the court of the county receiving these documents shall notify the prosecuting attorney of their receipt. The prosecuting attorney and the court in the county to which the copies are forwarded then shall have duties corresponding to those imposed upon them when acting for this State as a responding state."

■■ The purposes of the Act are to improve and extend by reciprocal legislation the enforcement of duties of support and to enable the dependent in one State to enforce a duty of support owed by a person residing in another State (*People ex rel. Noah v. Gasik* (1980), 91 Ill. App. 3d 980, 982, 415 N.E.2d 452, 454). It is clear that the Act contemplates commencing the proceedings only in those instances where at least one element of the equation is out of State: the dissolution and support order, the obligor, or the obligee. Proceedings under the Act are independent actions to enforce court-ordered obligations, and the remedies provided by the Act are in addition to, not in substi-

tution for, other remedies. (Ill. Rev. Stat. 1977, ch. 40, par. 1203; *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 703, 416 N.E.2d 278, 281.) The petitioner in the case at bar had State remedies available to her in order to enforce a judgment entered by this State against an Illinois resident. The trial court properly dismissed the petitioner's petition due to lack of subject matter jurisdiction. Equally proper was the trial court's voiding of all orders previously entered in the cause, based on that same lack of subject matter jurisdiction.

Affirmed.

HARRISON, J., concurs.

JUSTICE CHAPMAN, dissenting:
I would reverse the decision of the trial court granting respondent's motion to dismiss.

As noted by the majority, section 33 of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 1233) includes a procedure whereby an obligee living in one county of the State can enforce the support obligation owed by an obligor residing in another county of the State. The language of the Act clearly contemplates both interstate and intrastate application. The majority's conclusion that intrastate application is limited to instances where an out-of-State or "foreign" divorce decree and support order were rendered is inconsistent with the express language of the Act and is inconsistent with the policies underlying legislation aimed at enforcing duties of support.

If the Act was intended to be applied in the limited capacity as suggested by the majority, section 33 would be unnecessary because section 19 of the Act already provides a remedy if a petition is filed in a county where the obligor is not found:

> "If the obligor or his property is not found in the county, and the prosecuting attorney discovers that the obligor or his property may be found in another county of this State or in another state he shall so inform the court. Thereupon the clerk of the court shall forward the documents received from the court in the initiating state to a court in the other county or to a court in the other state ***." (Ill. Rev. Stat. 1989, ch. 40, par. 1219.)

I further believe that if the Act was intended to preclude intrastate application, the venue provision of section 11 would not provide that "[t]he petition may be filed in the appropriate court of *any state* in

which the obligee resides." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 40, par. 1211(b).

In addition, where the language of an act is obscure or its meaning doubtful, resort may be had to the title to enable the court to discover the intent. (*Illinois Bell Telephone Co. v. Ames* (1936), 364 Ill. 362, 365, 4 N.E.2d 494, 496; *People v. Malone* (1979), 71 Ill. App. 3d 231, 389 N.E.2d 908.) By analogy, the title of the section within an act may offer some indication of the legislative intent. The title of section 33 is "Intrastate application."

Consider the scenario where a decree of dissolution and order of support are entered in Jo Daviess County, Illinois, and the obligor remains in Jo Daviess County, while the obligee moves to Dubuque, Iowa. The majority would have no problem affirming the existence of subject matter jurisdiction where the obligee filed a petition under the Act in Jo Daviess County, because the "foreign" element exists. That is, the obligee resides out of State.

Now consider a case where the order of support is entered in Jo Daviess County, the obligor remains in Jo Daviess, but the obligee moves to Massac County, Illinois. Under the stance taken by the majority, the obligee would be precluded from asserting a claim under the Act because no foreign element exists: all factors in the scenario are Illinois based.

The absurdity which is readily apparent in comparing these hypothetical cases is that Dubuque, Iowa, is roughly 20 miles from Jo Daviess' county seat, while Massac County, Illinois, is over 400 miles from Jo Daviess' county seat. While the primary purpose of the Act is to improve and extend the enforcement of duties of support (Ill. Rev. Stat. 1987, ch. 40, par. 1201), legislative policy would be thwarted were we to sanction use of the Act by the obligee in scenario one and not allow the obligee in scenario two to employ the Act. Remedies provided by the Act are in addition to, not in substitution for, other remedies. (Ill. Rev. Stat. 1987, ch. 40, par. 1203.) The petitioner in the case at bar, like the obligee in scenario two, should not be precluded from pursuing her remedies under this Act even though she has other State remedies available to her in order to enforce the order of support. The Act does not mandate such preclusion.