THE PEOPLE *ex rel.* DEBBIE J. PATRICK, Plaintiff-Appellant, v. MARK D. PATRICK, Defendant-Appellee.

Fourth District   No. 4—91—0434

Opinion filed December 19, 1991.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

No brief filed for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Petitioner Debra Patrick, a resident of McLean County, filed a petition for support pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 1201 *et seq.*) to enforce a support order entered against respondent, Mark Patrick, a resident of Coles County, by the circuit court of Coles County in an earlier dissolution judgment. Respondent, after filing a verified response admitting a child support arrearage, filed a motion to dismiss the petition for want of subject-matter jurisdiction. The trial court granted the motion. Petitioner appeals, contending the Act is applicable, the circuit court of Coles County has subject-matter

jurisdiction, and the trial court erred in dismissing her petition. We agree and reverse.

Appellee has not filed a brief, but the record is simple and the claimed error can be easily resolved without the aid of an appellee brief. The parties' 1980 marriage was dissolved in 1987 by the circuit court of Coles County. Respondent was ordered to pay $65 per week for the support of his daughter, Gina, born June 16, 1984.

Petitioner, now a resident of McLean County, filed a petition under the Act in the circuit court of McLean County in October 1990, alleging a court-ordered obligation on respondent's part to pay child support and an arrearage. The circuit court of McLean County certified the petition, *i.e.*, the court found the petition set forth facts from which it may be determined the obligor owes a duty of support and the circuit court of Coles County may obtain jurisdiction of the obligor or his property.

Shortly thereafter, the petition was transferred to Coles County. The State's Attorney of Coles County served notice of the petition to respondent in March 1991. Respondent filed a verified response in April 1991, and then filed a motion to dismiss for want of subject-matter jurisdiction. The motion to dismiss was heard and allowed. This appeal followed.

In *People ex rel. Legout v. Decker* (1991), 209 Ill. App. 3d 882, 568 N.E.2d 459, the Fifth District Appellate Court concluded the Act does not apply when an Illinois resident of one county seeks to enforce the provisions of an Illinois judgment of dissolution and support order against an obligor in another county of the State of Illinois. The court determined the Act applies only in those instances where at least one element of the support equation is *outside* the State—the dissolution and support order, the obligor, or the obligee.

Respondent cited *Decker* to the trial court. There is no State supreme court decision on point, and no precedent in this appellate district. It was thus proper for the trial court to follow the precedent in *Decker*. We conclude, however, the *Decker* decision is erroneous, and we agree with the dissenting opinion of Justice Chapman.

■■ While one purpose of the Act is to make it feasible for a person in one State to enforce the duty of support owed by a person residing in another State, the Act does not limit itself to this purpose alone. In fact, section 33 of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 1233) specifically provides for intrastate application as well:

> "*This Act applies if both the obligee and the obligor are in this State but in different counties.* If the court of the county in which the petition is filed finds that the petition sets forth facts

from which it may be determined that the obligor owes a duty of support and finds that a court of another county in this State may obtain jurisdiction over the obligor or his property, the clerk of the court shall send the petition and a certification of the findings to the court of the county in which the obligor or his property is found. The clerk of the court of the county receiving these documents shall notify the prosecuting attorney of their receipt. The prosecuting attorney and the court in the county to which the copies are forwarded then shall have duties corresponding to those imposed upon them when acting for this State as a responding state." (Emphasis added.)

Section 33 does not state that the Act applies *only* when an out-of-State judgment is involved.

■ The legislative policy here involved is to enforce the duty of support. Limiting the application of the Act only to situations involving an out-of-State or "foreign" element would simply thwart legislative policy. It would serve no legal, legislative, or social purpose to construe the Act as respondent requests, and to do so would also ignore the plain language of section 33 of the Act.

If the legislature did not intend for the Act to apply in the scenario presented here, it would have been a simple matter to limit its application. Simply because no Illinois case presenting this fact pattern had been adjudicated by a court of review prior to *Decker* does not mean the legislature intended to preclude the use of the Act in this situation. The Act provides a remedy for those who are legally entitled to support against those who are legally obligated to provide that support when the parties reside in different counties, States, or countries.

Reversed and remanded.

GREEN, P.J., and COOK, J., concur.