Mary Beulah Allain, Plaintiff-Appellee, v. Cecil F. Allain, Defendant-Appellant.

**Gen. No. 10,245.**

Third District.

February 18, 1960.

Released for publication March 7, 1960.

Allen and Korkowski, of Rantoul (Philip C. Zimmerly, of counsel) for defendant-appellant.

Robert W. McDonald, State's Attorney of Champaign county (Melvin L. Schlueter, Assistant State's Attorney, of counsel) for plaintiff-appellee.

JUDGE CARROLL delivered the opinion of the court.

Defendant has appealed from an order of the County Court of Champaign County entered in a proceeding brought under the provisions of the Uniform Reciprocal Enforcement of Support Act.

The plaintiff and defendant were divorced in the District Court for the 15th Judicial District of Minnesota and on Sept. 7, 1946, said Court entered an order requiring defendant to pay the sum of $20 per month for the support and maintenance of Emmett Lee Al-

lain, child of the parties. On Sept. 17, 1956, plaintiff, with whom the child was residing in Palm Beach County, Florida, filed her verified petition in the Circuit Court of said County praying an order for support of said child pursuant to the Florida Uniform Reciprocal Enforcement of Support Act (referred to herein as the Uniform Act). It is alleged in said petition that defendant has refused and neglected to provide fair and reasonable support for the dependent according to his means and earning capacity; that petitioner is employed as a domestic in a private home earning $30 per week and is receiving public aid in the amount of $6 per month; that the dependent child is mentally retarded and requires special school facilities; that petitioner requires $100 per month for the support of the child; that defendant is a member of the United States Air Force residing at Chanute Air Force Base, Rantoul, Illinois, within the jurisdiction of the Circuit Court of the 6th Circuit of Illinois; and that the State of Illinois has enacted a law substantially the same as the Uniform Act of Florida. Service of summons could not be had upon defendant in the State of Florida. Plaintiff appeared in the Florida court and testified and upon her testimony and the verified petition, the Florida court found that defendant should be compelled to answer the petition, recommended that defendant be ordered to pay $100 per month for the support of the dependent and ordered that its certificate together with exemplified copies of the petition and summons be transmitted to the Circuit Court of Champaign County, Illinois. Upon the filing of said copies therein the Champaign County Circuit Court certified the same to the County Court of said County for process. Summons issued and was served upon defendant. Upon denial of his motion to strike the petition, he filed an answer denying the allegations of the petition and as an affirmative defense alleged full compliance with the divorce decree

of the Minnesota court and that he was a member of the United States Air Force stationed at an Air Force base and not within the jurisdiction of either the County or Circuit courts of Champaign County, Illinois. The defendant having filed a verified denial of material allegations of the petition, the court ordered that a transcript showing the denials by the defendant be transmitted to the Florida Circuit Court. The Florida court thereupon conducted a hearing and a transcript of the testimony taken on such hearing was filed in the Champaign County Court and the matter set for hearing. After hearing defendant's testimony the County Court ordered him to pay $50 monthly for the support of the child with the provision that he was to be given credit for any payments made pursuant to the decree of any other court. The court also placed the defendant upon probation conditioned upon payment of the amount specified therein. From this order defendant has appealed.

The principal ground upon which reversal is urged is that the Minnesota decree was entitled to full faith and credit in Illinois and that the County Court abused its discretion in changing the same as to future payments due thereunder without allegations and proof of a material change in circumstances. Defendant cites Light v. Light, 12 Ill.2d 502, in support of such argument. The proceeding involved in that case was brought under the Uniform Enforcement of Foreign Judgments Act to register a Missouri divorce decree in the Circuit Court of McLean County, Illinois. The Missouri decree awarded plaintiff custody of the minor child of the parties, ordered payment of gross alimony and also required defendant to make monthly payments for alimony and child support. The Circuit Court decreed that the Missouri decree be registered only as to the amount of the past due installments of alimony and child support. The plaintiff, on cross appeal, contended that the Missouri de-

cree was entitled to full faith and credit as to future installments of alimony and child support. In holding that the decree was entitled to full faith and credit as to future payments, the Supreme Court said:

"Policy considerations argue strongly that such decrees are entitled to full faith and credit. Unless they receive interstate recognition, the insulated judicial systems of the several States may become sanctuaries within which obligations that have been fully and fairly adjudicated in another jurisdiction may be escaped. These policy considerations have found expression in the decisions of many State courts which, on the grounds of comity, have given full effect, including equitable enforcement, to foreign decrees awarding alimony in the future. . . ."

"The practical problems that might arise in the enforcement of a decree subject to modification by the courts of more than one forum are no more difficult under the full-faith-and-credit clause than they are when foreign judgments are given full effect as a matter of comity. If anything, they are less complicated than those that have necessarily been assumed in the enforcement and modification of decrees relating to the custody of children. (People ex rel. Halvey v. Halvey, 330 U. S. 610; May v. Anderson, 345 U. S. 528. Mr. Justice Traynor's opinion in Worthley v. Worthley, 283 P.2d (Cal.) 19, blueprints a pattern for their solution that is as appropriate under the full-faith-and-credit clause as it is when interstate recognition is based on comity. . . ."

As indicated by the above quotations from its opinion, the Court found no reason for denying full faith and credit to a decree merely because it might be subject to modification in the future. In other words, finality was held not to be essential to bring a judgment within the protection of the full faith and credit clause.

 In the case at bar, the decisive question is not whether the Minnesota decree is entitled to full

faith and credit in Illinois, but whether the amount of support money provided by said decree is the limit as to the amount which the defendant can be called upon to pay for the support of his child. Such question was not involved in the Light case. The purpose of the Illinois Uniform Act is to secure support in civil proceedings for, among others, dependent children from persons legally responsible for their support. Par. 50, Chap. 68, Ill. Rev. Stats. 1955. The Act further provides:

"Notwithstanding the fact that the respondent has obtained a final decree of divorce or separation from his wife or a decree dissolving his marriage, the father is liable for the support of any dependent child of the marriage. . . ." (Sub-Par. (e), Par. 52.)

It is thus apparent that the issue before the trial court was whether the defendant or respondent was providing reasonable and proper support for his minor child. Necessarily in resolving such issue, the court was required to take into account any amount of support money which the defendant might be paying under the Minnesota decree. We agree with defendant's contention that the needs of the child, the income of both parents and other relevant circumstances were matters to be considered by the County Court in determining whether plaintiff was entitled to the relief prayed in her petition. It is our view that an Illinois court granting relief under the Uniform Act is not modifying or changing the provisions of a divorce decree of a sister state in which an award of child support has been made. It has been held that where the parents are divorced in a sister state and no mention is made in the decree for child support, an Illinois court may, under the Uniform Act, properly enter an order directing the father to pay a certain amount for the support of said child. People ex rel. Hartshorn v. Hartshorn, 21 Ill.App.2d 91. We see no distinction between a situation where a foreign decree fails to

405

award child support and where, as in the instant case, it is alleged the child is in need despite the support money being paid under the Minnesota decree. While we find no Illinois case in which the identical question raised on this appeal was decided, it is our opinion that the provision for child support made by the Minnesota decree does not preclude an Illinois court from granting relief under the Uniform Act.

■ Defendant further contends that the procedure followed in the Florida court was defective in that he was not given notice of the time and place of the hearing required after the entry of his verified denial of the allegations of the petition. No such notice was required as the Act provides that the judge of the court in the initiating state upon receipt of the transcript of the respondent's denials:

"may take such proof including the testimony of the petitioner and the petitioner's witnesses and such other evidence as the court may deem proper, and, after due deliberation, the court may make its recommendation, based on all of such proof and evidence, and transmit to the court having jurisdiction of the respondent an exemplified transcript of such proof and evidence and of its proceedings and recommendation in connection therewith. Upon the receipt of such transcript, the court having jurisdiction of the respondent shall resume its hearing in the proceeding and shall give the respondent a reasonable opportunity to appear and reply. Upon the resumption of such hearing, the respondent shall have the right to examine or cross-examine the petitioner and the petitioner's witnesses by means of depositions or written interrogatories, and the petitioner shall have the right to examine or cross-examine the respondent and the respondent's witnesses by means of depositions or written interrogatories."

That a hearing in the adversary sense is not contemplated is evidenced by the language of the above pro-

vision. The record does not sustain defendant's contention that his rights were prejudiced by failure of the Florida court to give him notice of the taking of plaintiff's testimony. Since the record fails to show that defendant availed himself of his right to cross-examine plaintiff either by means of depositions or written interrogatories, he cannot now be heard to complain.

■ Another point raised is that the Florida court should have appointed a guardian ad litem for defendant prior to November 4, 1958, which is the date upon which that court took plaintiff's testimony for transmittal to the Illinois court and because of its failure in that respect, defendant's rights under the Soldiers and Sailors Civil Relief Act were not protected and the testimony of plaintiff should not have been admitted by the Illinois court. The record shows the transcript of plaintiff's testimony was filed in the Champaign County Court November 24, 1958; that notice of such fact was given defendant; that notice of the hearing of the cause was given defendant and that defendant was present at the hearing and was represented by counsel. The record, however, fails to show any objection by defendant to the admission in evidence of the Florida court transcript. If as now contended, defendant felt the admission of the transcript would constitute error, he should have then registered timely objection thereto. Since such objection was not raised on the hearing, it is not available to defendant on this review. It may be further observed that the trial in the cause was had in Champaign County at which defendant personally appeared. In such situation, the Soldiers and Sailors Civil Relief Act does not require the appointment of a guardian ad litem. Sec. 520, Sub-Sec. 3, Art. 2, U. S. Code, Ann. Title 50.

■ Defendant's final contention is that the order of the court was against the manifest weight of the evi-

dence. We have carefully examined the evidence pertaining to both defendant's income and the expense entailed in maintaining the child and are unable to say that it did not justify the court's order.

The judgment of the County Court of Champaign County is affirmed.

Affirmed.

REYNOLDS, P. J. and ROETH, J., concur.