THE PEOPLE *ex rel.* PEGGY ANN KERL, Petitioner-Appellant, *v.* SCOTT ROBERT KERL, Respondent-Appellee.

Second District   No. 78-383

Opinion filed August 21, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (John T. Elsner, III, and George J. Sotos, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This appeal is from an order dismissing a petition for child support under the Revised Uniform Reciprocal Enforcement of Support Act (URESA). Ill. Rev. Stat. 1977, ch. 40, par. 1201 *et seq.*

Peggy and Scott Kerl were married on December 23, 1969, and divorced in Du Page County, Illinois, on January 13, 1975. Under terms of the divorce decree, Peggy was awarded custody of the parties' only child and Scott was ordered to pay $30 a week in child support. Peggy subsequently moved to Oregon and on April 13, 1978, filed a petition in the circuit court of Clackamus County, Oregon, seeking enforcement of support under the Oregon URESA. The petition alleged that Scott was a resident of Du Page County, Illinois, that he was under a duty to support his child by virtue of an Illinois court order and that he had not rendered support since December 1977. The petition requested $150 per month in support. The petition and certification were forwarded to Illinois, the responding State, and docketed in the circuit court of Du Page County. Summons was served on respondent ordering him to appear in court on June 12, 1978, and answer or otherwise plead to the petition.

At the June 12 hearing, counsel for respondent stated that an order "abating" child support had been entered by a Du Page circuit judge on April 28, 1978, for the reason that respondent had been confined in a mental institution for the past six months, had no income and was unemployable. Counsel further stated that petitioner had been notified of

the order by registered mail and that this reciprocal support proceeding was an effort to circumvent the termination order. The trial court agreed and dismissed the URESA petition, commenting that, "If she goes to Oregon without leave of court, I think she ought to be restricted to follow the procedure through the divorce court."

The State, on behalf of Peggy Kerl, brings this appeal. The central question is what effect an order terminating child support has on a pending petition to enforce support under URESA.

■■ Petitioner correctly points out that URESA confers jurisdiction over child-support matters notwithstanding prior or contemporaneous action in other proceedings. A court acting on a petition under URESA, in other words, may not stay or dismiss the petition simply because there exists a pending or prior action for divorce or because another court has already issued a support order in some other proceeding. Ill. Rev. Stat. 1977, ch. 40, pars. 1211 (b), 1230; *Nelson v. Nelson* (1974), 17 Ill. App. 3d 651, 654-56, 308 N.E.2d 132.

■■ The fact that petitioner left the State of Illinois, thereby "evading" the jurisdiction of the Illinois divorce court, does not affect her right to proceed under URESA. The purpose of URESA is to enable a dependent in one State to enforce a duty of support owed by a person residing in another State. In *Nelson v. Nelson* (1974), 17 Ill. App. 3d 651, 308 N.E.2d 132, the court held that a wife is not barred from seeking support under URESA even though she left the marital domicile and failed to appear in a divorce proceeding instituted by her husband. See also *People ex rel. Hartshorn v. Hartshorn* (1959), 21 Ill. App. 2d 91, 157 N.E.2d 563.

■■ Petitioner fails to recognize, however, that in cases where a support order is issued by another court before the URESA court has rendered its decision, the URESA court must conform its support order to the amount allowed in the other action. (Ill. Rev. Stat. 1977, ch. 40, par. 1230.) It follows that where the order in the other action terminates support altogether, the URESA petition must be dismissed.

■■ While the trial court correctly dismissed the petition as it relates to *future* support obligations, the question of arrearages should have been litigated below. Under Illinois law, past-due installments of child support constitute a vested right (*Dixon v. Dixon* (1977), 45 Ill. App. 3d 934, 360 N.E.2d 486, *Dunsky v. Dunsky* (1976), 40 Ill. App. 3d 845, 353 N.E.2d 371) which is specifically enforceable under URESA. (Ill. Rev. Stat. 1977, ch. 40, par. 1209.) Although the petition in this case does not expressly request past-due installments, it does state that respondent was under a court order to pay support and had failed to render any support since December 1977. This, coupled with the fact that the petition requests $30 a month more than respondent was under an obligation to pay amounted to an implicit request for arrearages. Whatever pleading deficiencies may

exist are not an obstacle since URESA is to be liberally construed in order to effect its goal of providing an expeditious means to secure support from a parent residing in a different jurisdiction than the dependent. Ill. Rev. Stat. 1977, ch. 40, par. 1241.

We hold that the trial court correctly dismissed the petition insofar as it relates to future support obligations. However, we find that to the extent the petition states a claim for past-due installments of support, it was improperly dismissed. Petitioner has a vested right in the payments accruing prior to the time the petition for termination was filed by respondent.

Affirmed in part; reversed in part; remanded for further proceedings.

WOODWARD and NASH, JJ., concur.