ANNA SUPER, f/k/a Anna Armstrong, Plaintiff-Appellant, *v.* DONALD ARMSTRONG, Defendant-Appellee.

Third District   No. 79-781

Opinion filed May 5, 1980.

Daniel J. Bute, of Cantlin, Bute & Kuleck, of Ottawa, for appellant.

Lloyd Hammonds, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The parties to this appeal were divorced on September 10, 1971, pursuant to a decree entered under the provisions of the then existing divorce act (Ill. Rev. Stat. 1971, ch. 40, par. 1 *et seq.*). This decree was entered in case number 71-8-1106D. The case number is given to help simplify the subsequent chain of events, which tends to be obfuscated both by the number of post-decree petitions, modifications and orders and by the relevance of a related case bearing the number 74-F-891.

As a part of the divorce decree, the respondent, Donald D. Armstrong, was ordered to pay the petitioner, Anna B. Super, $40 per week child support for the couple's five minor children. Subsequently, modifications to the support order in case number 71-8-1106D were made as follows: $50 per week by order entered June 12, 1972, and $20 per week by order entered October 25, 1977.

On October 5, 1974, pursuant to a complaint filed by the State's Attorney of La Salle County under the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1975, ch. 68, par. 101 *et seq.*), the husband was ordered to pay child support in the amount of $40 per week. This order was entered in case number 74-F-891.

At a hearing held on February 16, 1977, a rule to show cause filed in case number 74-F-891 was dismissed, and the amount of child-support arrearage was determined to be zero. During the same hearing, the respondent was ordered to pay child support in the amount of $30 per week.

On November 28, 1978 a petition for rule to show cause was filed in case number 71-8-1106D, alleging that the sum of $5,280 was due in child-support arrearages. Following a series of continuances, a hearing was held on the petition for rule to show cause on February 16, 1979. At that time, the matter was taken under advisement by the trial judge.

By order of the circuit court of La Salle County, entered July 13, 1979, the rule to show cause in case number 71-8-1106D was dismissed, and the wife was held bound by the trial court's finding in case number 74-F-891 that no child support arrearages were due and owing. The wife appeals from this order.

Although the appellee has not filed a brief in this appeal, we

nevertheless will consider the appeal on its merits. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) In the *First Capitol* case the Illinois Supreme Court observed, "[T]he judgment of a trial court should not be reversed *pro forma* for the appellee's failure to file its brief as required by rule. A considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal." 63 Ill. 2d 128, 131, 345 N.E.2d 493, 494.

The issue as presented by the petitioner is whether the order entered by the trial judge in case number 74-F-891, pursuant to a support order under the Revised Uniform Reciprocal Enforcement of Support Act, which order found the amount of child support arrearages to be zero as of February 17, 1977, has any effect on the "presently existing" arrearage in the amount of $5,280 in case number 71-8-1106D.

Although the petitioner states the issue in terms of a "presently existing" arrearage in the amount of $5,280, it is clear from the record that no judicial determination of this amount was ever made. The petition for rule to show cause first alleging arrearages in this amount was filed on November 28, 1978. On the same day a rule to show cause was entered. However, a hearing on the rule was not held until February 16, 1979, at which time the matter was taken under advisement. Finally, on July 13, 1979, the rule was dismissed and discharged, with the determination that child-support arrearages had previously been determined to be zero. Thus the issue should more properly be phrased: whether the trial judge erred in discharging the rule to show cause and holding the decision in case number 74-F-891 to be *res judicata* on the question of child-support arrearages.

■ We hold that the discharge of the rule to show cause was error, because appellant was thereby denied a hearing to determine the amount, if any, of child-support arrearages presently owed. It was likewise error for the trial judge to find that the decision entered on February 17, 1977, in case number 74-F-891, was *res judicata* on the question of child-support arrearages.

In a subsequent hearing, to be held pursuant to the decision of this court, the question before the trial court must be the amount of arrearages, if any, accrued in case number 71-8-1106D since the original child-support order was entered on September 10, 1971.

■ The purpose of the Revised Uniform Reciprocal Enforcement of Support Act, as set forth in section 1 of the Act, is "to improve and extend by reciprocal legislation the enforcement of duties of support." (Ill. Rev. Stat. 1975, ch. 68, par. 101.) Both criminal and civil enforcement are provided for, but the Act is clearly intended as a supplementary device

to enforce support orders previously entered and is not designed to serve as an independent basis for the imposition or termination of support orders.

The limited nature of the Act is apparent from the language found in section 31:

"A support order made by a court of this State pursuant to this Act does not nullify and is not nullified by a support order made by a court of this State pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the Court."

From this language, it is clear that any orders entered pursuant to the Act will not affect rights and duties arising from orders entered pursuant to other statutes, such as the Illinois divorce act in effect in 1971 (Ill. Rev. Stat. 1971, ch. 40, par. 1 *et seq.*). Thus any decisions made by the trial judge in case number 74-F-891, pursuant to the Act, can have no effect on support orders entered in case number 71-8-1106D, pursuant to the then existing Illinois divorce act.

Furthermore, the order entered on February 17, 1977, in case number 74-F-891, cannot be *res judicata* on the question of child support arrearages in the present case, because a fundamental element of that doctrine is not present. The well-established doctrine of *res judicata* is that a cause of action, once adjudicated by a court of competent jurisdiction, cannot be tried again between the same parties or their privies in any proceeding, before the same or a different tribunal except in an action to set aside or review the prior adjudication. (*Bland v. Lowrey* (1976), 43 Ill. App. 3d 413, 356 N.E.2d 1318.) In order for the doctrine to apply, the parties and the subject matters must be the same in both instances.

The parties to the present case, number 71-8-1106D, namely appellant-wife and appellee-husband, are not the same as the parties in case number 74-F-891. The parties in the latter case were the State and the husband-defendant. For that reason, the doctrine of *res judicata* is inapplicable, and the decision of the trial court in case number 74-F-891 regarding the issue of child support is not binding in the present case.

It is true, as appellant contends, that past due installments of support money are a vested right, not subject to modification either as to amount or time of payment, by any court order unless made pursuant to a petition to modify. (*Baldwin v. Baldwin* (1974), 21 Ill. App. 3d 380, 315 N.E.2d 649.) The effect of such modification operates prospectively only. *Strum v. Strum* (1974), 22 Ill. App. 3d 147, 317 N.E.2d 59; *Jones v. Jones* (1974), 19 Ill. App. 3d 357, 311 N.E.2d 264 (abstract).

Thus the trial court, on remand, must consider the effect of any modifications entered in the present case subsequent to the entering of the original order on September 10, 1971, in determining the amount, if any, of child support arrearages. The record indicates substantial changes in family living patterns over the years which may affect the question of support arrearages. All relevant factors must be considered by the trial court.

For the foregoing reasons, the order of the Circuit Court of La Salle County discharging the rule to show cause and holding the order entered on February 17, 1977, in case number 74-F-891 is *res judicata* in the present case is reversed. The cause is remanded to the trial court for a hearing not inconsistent with this opinion.

Reversed and remanded with directions.

ALLOY, P. J., and STENGEL, J., concur.