THE PEOPLE *ex rel.* CHERI LEA ST. LOUIS, Petitioner-Plaintiff-Appellee, *v.* GERALD F. ST. LOUIS, Respondent-Defendant-Appellant.

First District (5th Division)  No. 79-2051

Opinion filed November 14, 1980.

Philip M. Sullivan, of Elmhurst, and Ralph J. Gust, Jr., of Lombard, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Stuart D. Gordon, and James G. Tansey, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Respondent appeals from the entry of an order requiring him to pay $250 per month child support on the petition of the State of Wisconsin under the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1977, ch. 40, pars. 1201 *et seq.*)[1]. He asserts that the trial court erred in not dismissing the petition and, alternatively, that the order should have credited him with child support payments made under prior court orders.

In 1975, respondent and his wife Cheri were divorced in the circuit court of Du Page County, Illinois (the Du Page court). The decree, embodying an agreement of the parties, granted custody of their three minor children (ages 2, 4 and 5) to Cheri "subject to reasonable rights of visitation to respondent," who was ordered to pay $70 per week child support to the Waupaca County Social Services in Waupaca County, Wisconsin, where Cheri then resided with the children.

It appears that respondent made the payments, as ordered, until July 21, 1977, when the Du Page court found Cheri in contempt "for failure to

---

[1] URESA provides for a reciprocal proceeding commenced in the "initiating state" where the "obligee"—usually the mother or child—lives, and tried and enforced in the "responding state" where the "obligor"—usually the father—lives or has property. This two-State concept avoids the expense the dependents would otherwise incur in following the obligor in order to bring suit, as they now may institute proceedings in a court of their residence. At the same time, it permits the obligor to defend in his local court with a minimum loss of time and expense.

obey its lawful orders" and directed the impoundment of future support payments until Cheri purged herself of the contempt. In 1978, on a petition under URESA by the State of Wisconsin in Waupaca County, a court there certified that the petition established defendant owed a duty to support his three children and that "according to the testimony of the spouse seeking support [Cheri] the needs of the children are the sum of $250 per month." The petition and the Waupaca county court certification were then forwarded under the provisions of URESA to the circuit court of Cook County for the entry of the support order.

The Wisconsin petition alleged in pertinent part that Cheri and the children were entitled to support under the provisions of URESA and "[t]hat respondent, on or about November 23, 1977, and subsequent thereto refused and neglected to provide fair and reasonable support for Cheri Lea St. Louis and the other dependents according to his means and earning capacity." In an answer thereto, respondent admitted his duty to support but denied any refusal or neglect to pay and asserted by way of affirmative defense that he has made all child-support payments in the amount and in the manner directed by the Du Page court which, in its order of July 21, 1977, required that all future payments of child support were to be impounded until Cheri purged her contempt of that court.

The record discloses that no witnesses testified at the hearing on the petition, but a stipulated bystander's report of proceedings reveals that the petitioner relied solely on the petition of the State of Wisconsin in asking for the entry of a support order. From the report, it appears that respondent admitted his duty to support the children and presented documents in support of his position that he had continuously made child support payments in the amount of $70 per week since the 1975 decree but that they had been impounded since July 21, 1977, by order of the Du Page court. Included among the documents was a bank passbook, showing that all child support payments up to the date of the hearing had been deposited subject to the further order of the Du Page court.

The trial court ordered respondent to pay $250 per month child support, and this appeal followed.

OPINION

It is the primary contention of respondent that the petition should have been dismissed. In this regard, we initially note our disagreement with one of the positions taken by respondent; namely, that dismissal was the only manner in which the trial court could conform its order to the prior Du Page court orders, as it was required to do by section 30 of URESA (Ill. Rev. Stat. 1977, ch. 40, par. 1230) which, in pertinent part, states:

"If the other action or proceeding [any pending or prior action or proceeding for dissolution of marriage, declaration of invalidity of marriage, legal separation, habeas corpus, adoption, or custody in this or any other state] is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the petition being heard the court must conform its support order to the *amount allowed* in the other action or proceeding." (Emphàsis added.)

■■ The emphasized language clearly bound the trial court here to conform its support order to the amount allowed in the Du Page action. Section 30, however, does not (nor does any other URESA provision) demand conformance with orders other than those dealing with support and, thus, there was no requirement to conform to the Du Page court contempt and impoundment orders. Moreover, as respondent was paying a greater amount in support under the Du Page court orders ($70 per week as against $250 per month), we view the trial court's order as conforming to the amount allowed in the Du Page proceeding. We do, however, believe that the trial court should have denied the petition for two principal reasons.

First, because URESA was enacted for the purpose of enforcing support orders previously entered and because respondent had fully complied with such orders in the instant case, there was no support obligation enforceable under URESA. Section 1 thereof states that "the purposes of this Act are to improve and extend by reciprocal legislation the enforcement of duties of support." (Ill. Rev. Stat. 1977, ch. 40, par. 1201.) As explained in *Super v. Armstrong* (1980), 83 Ill. App. 3d 1062, 1064-65, 404 N.E.2d 1008, 1009-10:

"Both criminal and civil enforcement are provided for, but the Act is clearly intended as a supplementary device to enforce support orders previously entered and is not designed to serve as an independent basis for the imposition or termination of support orders";

and, as stated in *Moffat v. Moffat* (1980), 27 Cal. 3d 645, 658, 612 P.2d 967, 975, 165 Cal. Rptr. 877, 885, URESA "was enacted for the purpose of enforcing *existing* duties of support against persons present *legally liable* for such support; it cannot create new support obligations." See *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, ___ N.E.2d ___; *State ex rel. Arvayo v. Guerrero* (1973), 21 Ariz. App. 173, 517 P.2d 526; and *Ray v. Pentlicki* (Fla. App. 1979), 375 So.2d 875.

■■ Enforcement is defined in Webster's Third International Dictionary as "the compelling of the fulfillment [as a law or order]." From that

definition it necessarily follows that there can be no enforcement of an order or duty fully accomplished and, in the context of this case, that there can be no enforcement of an existing duty to support unless there has been a breach thereof. Here, there was no such breach as respondent's existing duty to support was set forth in the Du Page court orders with which the record shows he has fully complied. Thus, there being no breach by respondent, there was no duty of support to be enforced and therefore no remedy was available under URESA.

The second reason requiring dismissal lies in the fact that an essential element of the petition was not proven. As stated above, where there is no breach of an existing duty to support, there is no remedy under URESA. The State of Wisconsin recognized this, as its petition asserted such a breach in the allegations that the children "were entitled to support from respondent" and that he "refused and neglected to provide fair and reasonable support." The record, however, establishes that there was no such refusal or neglect to provide support. To the contrary, it is clearly established that respondent made all support payments as required by the Du Page court orders. That the payments were fair and reasonable is apparent in that they were and are in an amount greater than the $250 per month ordered by the trial court here. The failure to establish the alleged breach of duty to support required denial of the petition.

We believe this reasoning is supported by decisions holding that URESA proceedings should be dismissed where there is no existing duty of child support. In *Oetjen*, after an order was entered by a divorce court abating child support payments, the URESA court denied a motion to terminate the support order it entered. This court reversed, holding that the abatement order circumscribed the duty to support and thus, because there was no existing duty at that time, the URESA order should have been terminated. In *Guerrero*, the divorce court terminated its order requiring child support payments until such time as the mother agreed to honor the father's visitation rights, and a subsequent URESA complaint for support was dismissed on the basis of the termination order. The reviewing court affirmed, reasoning that URESA is a means of enforcing a duty to support and, because the father's obligation to do so was terminated, there was no existing duty to support and, thus, there was no remedy under URESA. As stated by the *Guerrero* court:

> "Appellant fails to distinguish between 'rights' and 'remedies.' Before she can have a remedy under the Reciprocal Act [URESA] there must be a duty imposed upon appellee which gives appellant a right to a remedy under said act." (21 Ariz. App. 173, 176, 517 P.2d 526, 529.)

In *Ray*, a judgment of dissolution ordered child-support payments by the father, who thereafter was ordered in a proceeding under URESA to pay child support. Subsequently, an order was entered in the dissolution act suspending the support payments, and the father then moved to suspend the URESA order. The trial court denied the motion on the basis that the support required in the dissolution proceeding was separate and distinct from the duty imposed under URESA. The reviewing court disagreed and, in reversing, held that "URESA creates no duty of support; that statute simply provides a means of enforcing a duty of support as that duty may exist under the law of the responding state." (375 So.2d 875, 877.) Because of the suspension order, the court found that there was no existing duty enforceable in the URESA proceeding.

■■ We see no basic difference between the termination or suspension of a duty to support, as in *Oetjen*, *Guerrero* and *Ray*, and the complete performance of such a duty, as in the instant case. Implicit in each is the holding that there is no remedy under URESA because there is no breach of any existing duty to support.

For the reasons stated, the order appealed from is reversed, and this matter is remanded to the trial court with directions to vacate said order and to dismiss the action.

Reversed and remanded, with directions.

LORENZ and WILSON, JJ., concur.