THE PEOPLE *ex rel.* DIANA NOAH, Petitioner-Appellant, *v.* GARY J. GASIK, Respondent-Appellee.

First District (5th Division)    No. 79-2211

Opinion filed December 12, 1980.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Randye A. Kogan, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Petitioner, Diana Noah, appeals from an order dismissing her petition for child support brought against respondent, Gary Gasik, under the Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1977, ch. 40, pars. 1201 through 1242). The issue on appeal is whether a prior order of a divorce court entered by another judge of the same court which terminated child support barred this action. We affirm.

Petitioner and respondent were married November 27, 1963, and divorced in Cook County, Illinois (the divorce court) on August 3, 1970. The divorce decree gave petitioner custody of their only child Ronald, born in 1964, and required respondent to pay $15 per month alimony and $30 per month child support. On October 18, 1972, an agreed order entered in the divorce court permitted petitioner to move to Wisconsin with her son and provided that respondent's obligation to pay child support cease and terminate until further order.

Petitioner presently lives in Wisconsin and receives $303 per month in public assistance from that State. In 1978, she filed a petition under the

Wisconsin Uniform Reciprocal Enforcement of Support Act seeking child support of $303 per month. The petition and certification was forwarded to the Cook County State's Attorney for prosecution under the Illinois URESA. On January 17, 1979, a complaint was filed in the circuit court of Cook County (URESA court). The trial court granted respondent's motion to dismiss this complaint which asserted that relief was barred by the divorce court order terminating his obligation to provide child support. Petitioner appeals from the denial of her motion for reconsideration.

Although respondent has not filed a brief in this appeal, we nevertheless consider the appeal on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

OPINION

Petitioner contends that the Illinois URESA court, as the responding State, has authority to alter, according to changed circumstances, the child-support obligation determined by the earlier post-judgment divorce order.

The trial court's decision to dismiss the present URESA petition was based on *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 393 N.E.2d 1305. There the divorce decree entered in Du Page County, Illinois, awarded custody of the parties' only child to the mother and required the father to pay $30 per week child support. The mother subsequently moved to Oregon and on April 13, 1978, filed an URESA petition in Oregon seeking enforcement of support. On April 27, 1978, a post-judgment divorce order abating child support was entered in Du Page County. Thereafter, the URESA petition which had been forwarded to Illinois and docketed in the circuit court of Du Page County was dismissed. The appellate court affirmed the dismissal of the petition as it related to future support obligations, but reversed insofar as it stated a proper claim for past due installments which had vested prior to the order of termination. As to future support, the court stated:

> "* * * in cases where a support order is issued by another court before the URESA court has rendered its decision, the URESA court must conform its support order to the amount allowed in the other action. (Ill. Rev. Stat. 1977, ch. 40, par. 1230.) It follows that where the order in the other action terminates support altogether, the URESA petition must be dismissed." 75 Ill. App. 3d 347, 349, 393 N.E.2d 1305, 1307.

Petitioner contends that *Kerl* is erroneous in view of the intent of URESA as well as settled case law in Illinois. We disagree.

■■ The URESA proceeding is a separate, independent action to enforce support obligations and the remedies provided under the Act are in

addition to and not in substitution for any other remedies. (Ill. Rev. Stat. 1977, ch. 40, par. 1203; *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278.) The purposes of this Act are to improve and extend by reciprocal legislation the enforcement of duties of support (Ill. Rev. Stat. 1977, ch. 40, par. 1201; *Super v. Armstrong* (1980), 83 Ill. App. 3d 1062, 1064, 404 N.E.2d 1008, 1009) and to enable a dependent in one State to enforce a duty of support owed by a person residing in another State. (*People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 349, 393 N.E.2d 1305, 1307.) However, URESA is clearly intended as a supplementary device to enforce support orders previously entered and is not designed to serve as an independent basis for the imposition or termination of support orders. (*Super v. Armstrong* (1980), 83 Ill. App. 3d 1062, 1064-65, 404 N.E.2d 1008, 1009-10; see also Ill. Rev. Stat. 1977, ch. 40, par. 1231.) A duty of support is defined as "a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court * * *." Ill. Rev. Stat. 1977, ch. 40, par. 1202(b).

Petitioner argues that *Allain v. Allain* (1960), 24 Ill. App. 2d 400, 164 N.E.2d 611, and *People ex rel. Franks v. Franks* (1970), 126 Ill. App. 2d 51, 261 N.E.2d 502, are supportive of the URESA court's authority to vary the child support obligation earlier established in a divorce decree. While *Allain* is distinguishable from the present controversy, an analysis of *Franks* supports the *Kerl* decision.

In *Allain*, the court held that the existing child support provision of $20 per month in a Minnesota divorce judgment did not preclude an Illinois court from increasing the amount of support to $50 pursuant to an URESA petition. Unlike the existing duty of support in *Allain*, respondent's duty of support in the present case had been terminated in the divorce court prior to the filing of the URESA petition in Illinois.

In *Franks*, a Kansas court in a divorce action initially awarded the wife temporary alimony and support to continue until the birth of an expected child or further order of court. Following the birth, a divorce was granted and respondent was found to be the child's father. Thereafter, the wife and child moved to the State of Michigan which later forwarded an URESA petition to Illinois. Respondent filed an answer thereto and denied paternity. Based on blood tests which excluded respondent as the father, the Illinois court dismissed the URESA petition. The appellate court reversed the dismissal and stated that where the duty of support has been established by a sister State, the Illinois court should not redetermine the question.

Unlike *Allain*, *Franks* did not consider whether Illinois could redetermine the *amount* of support but rather concluded that URESA should not be used to redetermine the *duty* of support established in a prior

proceeding. We find that *Franks* supports the dismissal in *Kerl* and in the instant case. Two recent cases of this court are in accord.

This court recently considered the instant issue in *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278. There, too, separate divorce and URESA proceedings were had in the circuit court of Cook County before different judges. A petition for a rule to show cause in the URESA court alleged that respondent failed to comply with a prior URESA child support order. Respondent moved to dismiss based on a prior post-judgment divorce order vacating and abating his child-support obligation until further order of court. Denial of the motion was reversed on appeal insofar as it denied termination of future support obligations, however, further holding that installments accruing prior to the termination order constituted a vested right enforceable under URESA. *State ex rel. Arvayo v. Guerrero* (1973), 21 Ariz. App. 173, 517 P.2d 526, and *Ray v. Pentlicki* (Fla. App. 1979), 375 So.2d 875, were cited as supporting the conclusion that URESA creates no duty of support but simply provides a means to enforce a duty of support as it may exist under the law of the responding State. Consistent with *Arvayo* and *Ray*, we there found that the abatement order entered in a divorce or dissolution action circumscribed respondent's duty of support under URESA.

In the later case of *People ex rel. St. Louis v. St. Louis* (1980), 90 Ill. App. 3d 449, 413 N.E.2d 157, respondent was in full compliance with his existing duty of child support of $70 per week established by the Du Page County divorce order. However, the funds were impounded by the court upon a finding that petitioner was in contempt of its orders. Subsequently, an URESA court in Cook County ordered respondent to pay child support of $250 per month (less than required by the divorce court). We reversed and held that where there is no breach of an existing duty to support, there is no remedy under URESA, stating:

> "We see no basic difference between the termination or suspension of a duty to support, as in *Oetjen, Guerrero* and *Ray*, and the complete performance of such a duty, as in the instant case. Implicit in each is the holding that there is no remedy under URESA because there is no breach of any existing duty to support." 90 Ill. App. 3d 449, 454.

■■ In the instant case, the agreed order entered in the divorce court on October 18, 1972, provided that respondent's "obligation to pay child support payments * * * shall cease and terminate effective immediately until further order." The order of termination if inappropriate or objectionable should be attacked directly by appeal or modification and not indirectly through URESA proceedings; however, its propriety is not

before us on review. (*People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278.) The order remains in full force and circumscribes respondent's duty of support under URESA. Since there is no existing duty of support, there is no remedy available under URESA.

Accordingly, the order of the circuit court dismissing the URESA petition is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.