198 N.J. Super. 109 (1984)
486 A.2d 875
ESSEX COUNTY ADJUSTER ON BEHALF OF THE STATE OF CALIFORNIA, CONTRA COSTA COUNTY SOCIAL SERVICE DEPARTMENT AS ASSIGNEE OF JESSICA MIXON, PLAINTIFF-APPELLANT,
v.
ARTHUR BROOKES, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 13, 1984.
Decided December 18, 1984.
*111 Before Judges DREIER and SHEBELL.
David H. Ben-Asher, attorney for appellant (Allen Zaks and Thomas M. Bachman, Assistant County Counsel of counsel; Thomas M. Bachman, on the brief).
No brief for respondent was timely filed.
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff has appealed from an order of the Juvenile and Domestic Relations Court dismissing plaintiff's petition filed under the Uniform Reciprocal Enforcement of Support Act (URESA). Plaintiff is acting on behalf of the County Social Service Department of Contra Costa County, California which has provided support for defendant's children.
Defendant and his ex-wife were divorced in New Jersey in 1971. By the terms of the divorce judgment defendant was required to pay $25 per week for each of the two children of the marriage, custody having been awarded to their mother. In 1975 defendant's ex-wife moved to California with the children, remarried, and is now known as Jessica Mixon. By January 31, 1981, the California County Welfare Agency had paid $24,288 for the support of the children. In 1981 the California agency levied on defendant's tax refund of $5,283 under the applicable provision of the Internal Revenue Code, § 6402(c). In the present proceeding the trial court, without application by defendant, vacated the 1981 levy. In 1982, exercising its rights pursuant to an assignment of the mother's rights to child support, the California Welfare Agency filed a complaint under URESA authorizing the present action by the Essex County Adjuster.
*112 In July 1982 Jessica Mixon moved on her own behalf in the New Jersey Superior Court, Chancery Division to fix the child support arrearages owed by defendant. At that time she did not inform defendant or the court of the assignment she had signed in California or the California agency's efforts to collect arrearages from defendant. With the exception of the tax refund seizure there was no showing below that defendant had been contacted by either the California agency or any counterpart in New Jersey with respect to the arrearages. On July 9, 1982 the Chancery Division fixed defendant's arrearages at $2,000 and ordered defendant to continue to pay for the benefit of each child the increased sum of $55 per week. The adjudicated arrearages were paid by defendant prior to the hearing below. In addition, the trial judge was informed that an agreement had been negotiated between Mrs. Mixon and defendant settling defendant's obligation to pay past, present and future child support preparatory to Mr. Mixon's adoption of the children.

I
The initial question to be determined is whether the Chancery Division's orders concerning arrearages supersede the welfare agency's rights to seek reimbursement for payments made for the children's support. Plaintiff asserts that N.J.S.A. 2A:4-30.34, gives the Juvenile and Domestic Relations Court exclusive jurisdiction over URESA claims and that this revised act enables plaintiff as the agent of the California Welfare Agency to enforce the duty of support which includes arrearages "past due and unpaid." N.J.S.A. 2A:4-30.26b. This duty, however, is determined by the law of the state of the obligor's residence during the period for which support is claimed, in this case, New Jersey.
Defendant claims that, notwithstanding the California agency's extensive payments on behalf of the children, his support arrearages had been fixed by the New Jersey court at $2,000, *113 which sum has been paid. Although plaintiff has claimed that N.J.S.A. 2A:4-30.27 provides that the remedies "are in addition to and not in substitution for any other remedies," defendant properly asserts that the question here is not one of remedy, but one of the duty to pay which had been fixed by the Chancery Division. Although there is no New Jersey authority on the subject, the majority view favors defendant's position. Compare Moffat v. Moffat, 27 Cal.3d 645, 612 P.2d 967, 165 Cal. Rptr. 877 (Sup.Ct. 1980); Wilson v. Wilson, 274 S.C. 516, 266 S.E.2d 65, 66 (Sup.Ct. 1980); Bushway v. Riendeau, 137 Vt. 455, 407 A.2d 178 (Sup.Ct. 1979); State ex rel. Arvayo v. Guerrero, 21 Ariz. App. 173, 517 P.2d 526, 528-529 (Ct.App. 1973); Ray v. Pentlicki, 375 So.2d 875, 879 (Fla.Ct.App. 1979); People ex rel. Kerl v. Kerl, 75 Ill. App.3d 347, 30 Ill.Dec. 958, 393 N.E.2d 1305 (App.Ct. 1979); Chance v. LaPausky, 43 Md. App. 84, 402 A.2d 1329, 1331-1332 (Ct.App. 1979); County of San Diego v. Elavsky, 58 Ohio St.2d 81, 388 N.E.2d 1229, 1233 (Sup.Ct. 1917); with State on Behalf of McDonnell v. McCutcheon, 337 N.W.2d 645 (Minn.Sup.Ct. 1983) and Comm. of Virginia ex rel. Halsey v. Autry, 293 Md. 53, 441 A.2d 1056, 1062 (Ct.App. 1982). These cases have been variously decided under counterparts to Sections 30.27 or 30.53 of the act, or under general common-law reasoning. We agree with the majority rule under both sections of the act. In the factual setting of this case, defendant as the obligor under an assigned claim would be free to deal with the obligee (his ex-wife) until he was notified of an assignment of the claim to the California agency. Spilka v. South America Managers, Inc., 54 N.J. 452, 462 (1969); Burke v. Hoffman, 28 N.J. 467, 473-474 (1958); Russell v. Fred G. Pohl Co., 7 N.J. 32, 40 (1951).
N.J.S.A. 2A:4-30.52 clearly states that in a court proceeding under the act:
If the other [divorce] action or proceeding is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the complaint being heard, the court must conform its support order to the amount allowed in the other action or proceeding.
*114 As was noted in People ex rel. Oetjen v. Oetjen, 92 Ill. App.3d 699, 48 Ill.Dec. 247, 416 N.E.2d 278, 281 (App.Ct. 1980), URESA is a device to enforce support orders previously entered and does not independently create the obligation. The fact that the real party in interest is a welfare agency who has furnished assistance "does not enlarge the expressed purpose of URESA beyond the enforcement of existing obligations." Coons v. Wilder, 93 Ill. App.3d 127, 48 Ill.Dec. 512, 416 N.E.2d 785, 789 (App.Ct. 1981); Oetjen, 416 N.E.2d at 284. See also Chance v. LaPausky, supra, 402 A.2d at 1331-1332.
Since defendant has complied with the existing orders of the Chancery Division, there is no further enforceable duty to impose upon defendant. People ex rel. St. Louis v. St. Louis, 90 Ill. App.3d 449, 45 Ill.Dec. 824, 413 N.E.2d 157, 159-160 (App.Ct. 1980). We, therefore, affirm the refusal of the trial court to separately enforce a judgment in excess of that adjudicated by the Chancery Division.

II
The remaining question involves the propriety of the trial court's directing the return of the Federal Income Tax refund which had been levied upon by the California welfare agency. Initially we note that such a claim had not been asserted by defendant in the pleadings, noted in the pretrial order or discussed at anytime during the trial. In such circumstances reimbursement should not have been adjudicated by the trial judge. Baldwin Const. Co. v. Essex Cty. Bd. of Taxation, 16 N.J. 329, 345 (1954); Kronisch v. The Howard Savings Institution, 161 N.J. Super. 592, 607 (App.Div. 1978). Although under R. 4:9-2 the claims of a party may be deemed amended to conform to the proofs at a trial, such amendment should be at the behest of a party and should be granted only if there is a full hearing where the evidence and arguments for and against the issue may be considered. Cresci v. Gandy, 99 N.J.L. 417, 419 (E. & A. 1924); Kappish v. Lotsey, 76 N.J. Super. 215, 225 *115 (Cty.D.Ct. 1962). For a related view, compare Rivera v. Gerner, 89 N.J. 526, 536-537 (1982); Cola v. Packer, 156 N.J. Super. 77, 80-81 (App.Div. 1978).
Although, as we have determined, the remedies by way of actions under URESA are subject to the subsisting support determinations of the New Jersey Courts, the direct enforcement right that the welfare agency had asserted through the Internal Revenue Service may or may not be subject to such infirmity. A refund should not be ordered until such issue is addressed in an adversary proceeding. We, therefore, vacate that portion of the trial judge's award directing reimbursement of the tax refund without prejudice to defendant's right to make an appropriate claim against the welfare agency.
The order appealed from is amended to delete the required reimbursement of the tax levy and, as so amended, is affirmed.