THE DEPARTMENT OF PUBLIC AID, o/b/o Washoe County, Nevada, *et al.*, Petitioners-Appellants, v. RODNEY DALE PETERSON, Respondent-Appellee.

Fourth District   No. 4—86—0732

Opinion filed June 8, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Nancy Albert-Goldberg, Assistant Attorney General, of Chicago, of counsel), for appellants.

Stephen R. Pacey, of Pacey & Pacey, of Paxton, for appellee.

JUSTICE LUND delivered the opinion of the court:

On July 2, 1986, in the circuit court of Ford County, a petition was filed by the Illinois Department of Public Aid, on behalf of Washoe County, Nevada, and Debra Sue Peterson (petitioner) pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1985, ch. 40, par. 1201 *et seq.*), requesting that Rodney Dale Peterson (respondent) be ordered to pay future child support and pay the arrearage for back child support. The court denied the petition on August 19, 1986, on the grounds that respondent was making child-support payments but that the circuit clerk was holding them in escrow as a sanction against petitioner for her failure to obey a lawful court order. Petitioner appeals the denial of the URESA petition.

Previously, on May 14, 1986, the circuit court filed an order directing that all of the child-support payments made by respondent be paid in escrow. The purpose of the order was to enforce respondent's telephone visitation rights, which he had obtained by court order, with his two very young children residing with petitioner in Nevada.

The issue before the court is whether a URESA petition, originating in Nevada and filed on behalf of the petitioner, who is the custodial mother, can be defeated by an Illinois court order impounding support payments in order to enforce a domestic-relations order concerning visitation. The Nevada petition, dated November 8, 1985, asks for payment of an arrearage of $275 and for current payments of $55 per week.

Petitioner contends the court erred in denying the URESA petition since visitation problems cannot be raised as a defense to child support in a URESA case. Section 23 of URESA reads in part:

"The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obli-

gee with rights of custody or visitation granted by a court."
(Ill. Rev. Stat. 1985, ch. 40, par. 1223.)

Petitioner cites the rule that a responding court in a URESA action lacks authority to withhold child-support payments until a custodial parent makes the child available for visitation. *Rathmell v. Gardner* (1982), 105 Ill. App. 3d 986, 434 N.E.2d 1156; *Dorsey v. Dorsey* (1980), 86 Ill. App. 3d 1043, 408 N.E.2d 502; *People ex rel. Winger v. Young* (1979), 78 Ill. App. 3d 512, 397 N.E.2d 253.

Respondent does not contest the law asserted by the petitioner. He asserts that petitioner's characterization of the case is incorrect. This case does not involve, as petitioner argues, the situation where the visitation problem is raised as a defense in a URESA petition. Rather, he states, this case involves a post-decree court order impounding child support as a sanction for visitation problems. The post-decree order was entered prior to the filing of the URESA petition. Respondent asserts that since URESA remedies are strictly derivative of support responsibility, the court was correct in not allowing the URESA petition to override the prior court order. Respondent believes this case is controlled by authorities which have held that URESA is intended to enforce support orders previously entered (*Super v. Armstrong* (1980), 83 Ill. App. 3d 1062, 404 N.E.2d 1008), and he concludes that if the support order terminates or suspends child support, then the URESA petition must be denied or dismissed.

■ The purpose of URESA is to enable a dependent in one State to enforce a duty of support owed by a person residing in another State. (*People ex rel. Noah v. Gasik* (1980), 91 Ill. App. 3d 980, 415 N.E.2d 452; *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 393 N.E.2d 1305.) It is a separate, independent action to enforce support obligations, and the remedies provided under URESA are in addition to and not in substitution for any other remedies. (Ill. Rev. Stat. 1985, ch. 40, par. 1203; *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278; *People ex rel. Gribbins v. Skopitz* (1985), 135 Ill. App. 3d 76, 481 N.E.2d 815.) URESA creates no duty of support but simply provides a means to enforce a duty of support as it may exist under the law of the responding State. 135 Ill. App. 3d 76, 481 N.E.2d 815.

Section 30 of URESA provides as follows:

"A responding court shall not stay the proceeding or refuse a hearing under this Act because of any pending or prior action or proceeding for dissolution of marriage, declaration of invalidity of marriage, legal separation, habeas corpus, adoption, or custody in this or any other state. The court shall hold a hear-

ing and may issue a support order pendente lite. In aid thereof it may require the obligor to give a bond for the prompt prosecution of the pending proceeding. *If the other action or proceeding is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the petition being heard the court must conform its support order to the amount allowed in the other action or proceeding.* Thereafter the court shall not stay enforcement of its support order because of the retention of jurisdiction for enforcement purposes by the court in the other action or proceeding." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 40, par. 1230.

In *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 393 N.E.2d 1305, the dismissal of a URESA petition was upheld because the Illinois court had previously abated the support due to the obligor's mental illness which resulted in confinement in a mental institution. It was held that the URESA proceeding was controlled by the prior divorce court action. In *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278, the appellate court required the termination of future URESA support payments because the lower court in the divorce action had abated child support. The order abating child support had been entered after the URESA support order and resulted from sanctions concerning the deprivation of child visitation. The marriage dissolution court found a party in contempt "for failure to obey its lawful orders" and directed impoundment of future support in *People ex rel. St. Louis v. St. Louis* (1980), 90 Ill. App. 3d 449, 413 N.E.2d 157. A subsequent URESA action, filed in a separate case, resulted in a separate support order. The URESA order was vacated on appeal because there was not a breach of an existing duty to support. These cases lead to the conclusion that URESA actions are only an appropriate remedy to enforce an existing support duty.

We agree that an existing duty of support must exist. Such a conclusion does not prohibit a URESA court from instituting support payments where a duty to support exists but a support order has not been entered. (*People ex rel. Lightbody v. Lightbody* (1983), 117 Ill. App. 3d 119, 451 N.E.2d 890.) In *Lightbody*, the out-of-State dissolution order had not determined an amount for support. In the present case, it is clear a duty to support exists and an order for support payments has been entered. The support order was originally $55 a week, but was subsequently reduced to $34.38 per week. The impoundment order followed.

Section 23 of URESA (Ill. Rev. Stat. 1985, ch. 40, par. 1223), quoted earlier, indicates the legislative doubt about using sup-

port funds as enforcement of visitation orders. That provision is not specifically applicable to the present case because the URESA petition appears to be on behalf of the custodial mother, not the State of Nevada, for reimbursement of public-aid payments. We do recognize the policy problems with tampering with support for purposes of enforcing visitation orders. The children suffer from the custodial parent's lack of funds. The difficulty of the custodial parent returning to the home State to defend contempt petitions is obvious. On the other hand, the frustration in enforcing visitation rights from hundreds of miles away cannot be ignored. Considering the existing case law in Illinois, together with the policy issues, we conclude that support-impoundment orders can be used to enforce valid court orders and, if not otherwise prohibited, cannot be circumvented by URESA petitions. The decisions declaring URESA actions derivative are, contrary to petitioner's argument, correct. Conflicts between a URESA order and a dissolution court's order are thus avoided. This will encourage parties to litigate support questions in the dissolution court and not through URESA actions. The dissolution court will be able to make a decision based upon complete information furnished by both parties. However, a caveat is in order. Depriving children of support, by reduction, abatement, or impoundment, should only follow a thorough examination by the trial court. Courts must have methods to enforce their various orders, but children should only reluctantly be the butt of their parents' obstinancy.

■ Petitioner additionally contends that she must prevail on appeal because the underlying abatement order was defective for lack of notice, lack of evidence at the hearing, and, generally, lack of due process. The petitioner did not seek to modify the May 1986 order of impoundment. No appeal was filed. Relief from an objectionable divorce order, or modification, should be brought through appeal, not through means of a URESA petition. (*People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278; *People ex rel. Noah v. Gasik* (1980), 91 Ill. App. 3d 980, 415 N.E.2d 452.) The question of the validity of the impoundment order is not properly before this court.

■ Petitioner's final contention is the court erred in refusing to order payments under the URESA petition for back support which occurred prior to the May 9 abatement order. Past-due installments of child support constitute a vested right under Illinois law which is specifically enforceable under URESA. (*Dorsey v. Dorsey* (1980), 86 Ill. App. 3d 1043, 408 N.E.2d 502; *Super v. Armstrong* (1980), 83 Ill. App. 3d 1062, 404 N.E.2d 1008.) In two cases dismissing URESA petitions for future child support, the courts have found that the peti-

tion should not be dismissed as to any claim for past-due child support. *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278; *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 393 N.E.2d 1305.

Respondent argues this contention is waived. The motion to reconsider does not mention arrearages. He notes the only evidence of a request in the record is contained in the URESA petition. He urges that since this issue was not presented to or ruled upon by the trial court, petitioner may not raise it on appeal, citing several cases for support. *In re Marriage of Arnold* (1984), 122 Ill. App. 3d 776, 462 N.E.2d 51; *Gentile v. Gentile* (1980), 87 Ill. App. 3d 311, 409 N.E.2d 52; *Kravis v. Smith Marine Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.

■ Petitioner responds that the request for back support was contained in the URESA petition. In nonjury cases, neither the filing of nor failure to file a post-trial motion limits the scope of review. (87 Ill. 2d R. 366(b)(3)(ii); *Shumak v. Shumak* (1975), 30 Ill. App. 3d 188, 332 N.E.2d 177.) Since relief for back support was contained in the petition and the scope of review is not limited by the motion to reconsider, petitioner asserts this issue is not waived.

■ In the *Kerl* case, a similar situation arose. There the court found that the URESA petition was properly dismissed as to future support. In regard to back support it said:

"Although the petition in this case does not expressly request past-due installments, it does state that respondent was under a court order to pay support and had failed to render any support since December 1977. This, coupled with the fact that the petition requests $30 a month more than respondent was under an obligation to pay amounted to an implicit request for arrearages. Whatever pleading deficiencies may exist are not an obstacle since URESA is to be liberally construed in order to effect its goal of providing an expeditious means to secure support from a parent residing in a different jurisdiction than the dependent. Ill. Rev. Stat. 1977, ch. 40, par. 1241." (*People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 349-50, 393 N.E.2d 1305, 1307.)

In this case, the URESA petition stated that arrearages existed, and it requested respondent be ordered to pay an extra $100 per month to retire these. In the prayer for relief, it was requested that "the amount of existing arrearages, retroactive to the filing of this complaint, be reduced to judgment and the Defendant ordered to pay $100.00 per month toward satisfaction of the judgment until the judg-

ment is satisfied." Since the arrearage question was raised in the petition, it appears arguably that this question is not waived. We find the issue was not waived.

We hold that the trial court correctly determined that the URESA petition should not apply to respondent's support obligations incurred after the impoundment order. However, the cause must be remanded to the trial court for purposes of determining the arrearages existing before the May 1986 order and providing for payment of the same to petitioner.

Reversed and remanded with directions.

GREEN and McCULLOUGH, JJ., concur.